Scott D. Lassetter, Robert W. Higgason, Jonathan W. Jordan, Houston, John R. Gilbert, Angleton, for relator.

James W. Karel, George P. Hardy, III, David P. Willis, Dennis R. Mundy, Richard P. Hogan, Jr., Houston, for respondent.

**GENERAL MOTORS CORPORATION,**
Relator,

v.

**The Honorable J. Ray GAYLE,**
**III, Respondent.**

No. 96–0589.

Supreme Court of Texas.

Jan. 10, 1997.

PER CURIAM.

This is an original mandamus proceeding. In the underlying lawsuit plaintiffs Manuel and Maria Delarosa allege that Manuel suffered severe injuries in a motor vehicle accident on September 28, 1988, because the seat belt he was wearing unlatched. Suit was filed September 21, 1990, and was set for trial numerous times, including several times on the district court's dismissal docket. The last trial setting was on the dismissal docket on January 3, 1996. On that date, when the case was called for trial, defendant General Motors Corporation learned for the first time that a jury fee had never been paid. The district judge, too, admitted that he "didn't realize this was a nonjury case until right before the nonjury docket." GM immediately paid a jury fee and two days later moved for continuance, both to complete discovery and to allow the jury fee to be timely. *See* TEX.R. CIV. P. 216. GM also filed a written objection to a nonjury trial. The district court denied the motion and objection, heard opening statements, and then recessed the trial until January 29. The district judge stated that he would allow discovery to con-

tinue, explaining: "I don't intend necessarily to commit to try this case on a continuous day-to-day basis. I may recess it for two or three weeks, hear a couple of days of testimony, and come back in a week or two." On January 22 the district court considered a discovery matter, issuing an order restricting GM's conduct and use of crash tests.

GM petitioned the court of appeals for mandamus relief, which that court denied by a 2–1 vote. 924 S.W.2d 222. The court's opinion adequately describes the case and sets out provisions of the crash-test order, so that we need not repeat them here. Concerning the district court's crash-test order and order denying GM's objection to a nonjury trial, the appeals court concluded that GM had failed to demonstrate an inadequate remedy by appeal. *Id.* at 227, 231. However, the court stated that the crash-test order "defeat[s] the fundamental policy reasons for exempting consulting experts from discovery." *Id.* at 231. The court pointedly did not conclude that the refusal to afford GM a jury trial was proper. *Id.* at 226–227. The court concluded that it could not determine whether denial of a continuance was an abuse of discretion until trial was concluded. *Id.* at 227.

Five days after the court of appeals' opinion issued, the Delarosas moved the district court "to modify and reconsider" the crash-test order "to clarify its intentions on the matters raised by the court of appeals. If necessary, the plaintiffs ask the court to modify or withdraw the [crash-test] order in its entirety." GM then petitioned this Court for mandamus relief. In response the Delarosas tell us that "this case is not in trial," that "respondent, Judge Gayle, is currently reconsidering his order," and that GM's petition is premature until "Judge Gayle makes his intentions clear upon reconsideration of the crash-testing and jury trial issues." We agree with the Delarosas that the district court should be allowed to reconsider its ruling on both issues in light of the court of appeals' opinion. Although the district court has had ample opportunity to do so while GM's petition has been pending in this Court, the district court may have deferred to this Court for a ruling on GM's petition.

Accordingly, we deny GM's petition for mandamus and motion for temporary relief to allow the district court to reconsider its rulings without prejudice to GM's right to refile its petition.