IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 13, 2001

## JAMES O'NEAL VINEYARD, ET UX. v. WALKER BETTY, ET UX.

**Appeal from the Chancery Court for Dickson County**
**No. 3860-95     Robert E. Burch, Judge**

---

**No. M2001-00642-COA-R3-CV - Filed April 30, 2002**

---

Following a bench trial, the trial court found sufficient evidence to show the existence of a prescriptive easement across the property of the defendants in favor of the plaintiffs. Defendants appeal, arguing that clear and convincing evidence did not exist to support the trial court's finding and that at trial plaintiff did not submit proof of irreparable harm necessary to secure injunctive relief. Appellant failed to submit a transcript of the trial court proceedings or a statement of the evidence to the appellate court leaving this court only the technical record for consideration on appeal. In the absence of a transcript or statement of the evidence, this court must presume the evidence supported the trial court's findings. Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

J. Ross Pepper, Nashville, Tennessee, for the appellants, Walker Betty, et ux.

Ronald Kilgore, Charlotte, Tennessee, for the Appellees, James O'Neal Vineyard, et ux.

### OPINION

On June 5, 1995, James O'Neal Vineyard and his wife Rita Vineyard ("Vineyards") filed suit in Dickson County Chancery Court to enforce an easement and for a permanent injunction against Walker and Mildred Betty ("Bettys"). Contemporaneously with the complaint, the Vineyards filed a motion for temporary easement and injunction. The Vineyards brought suit attempting to establish that a prescriptive easement existed over a portion of the Bettys' property and to prohibit the Bettys from denying the use of the easement.

At the conclusion of the bench trial, the trial court issued an order ruling in favor of the Vineyards and finding as follows:

This cause came to be heard on September 7, 2000, ...upon the Complaint of the Plaintiffs [Vineyards], to establish an easement over the southern part of the real property of the Defendants [Bettys], from Oak Grove Road to the Ansel C. Rymer and June D. Rymer property to the southern boundary of Plaintiffs' property, and the Answer of the Defendants, upon the pleadings and sworn testimony, and the other proof in the cause, and the entire record from all of which the Court finds:

1. Plaintiffs have established an easement on the location of the dirt road along the inside of the fence by prescription as follows:
a. Plaintiffs have established continuous use of the existing dirt road for more than 40 years.
b. The proof establishes the dirt road was being used when the Defendants bought their property.
c. The dirt road was not used by permission but used of right.
2. The easement is only as wide as the road is now which is estimated at ten feet in width. The existing road can be maintained by Plaintiffs but not to be improved.
3. The Court issues an Injunction for the Defendants to remove the fence or to install gates in the fence to allow Plaintiffs access to their property.
4. The Court issues a Permanent Restraining Order for the Plaintiffs not to stray from the easement.

Subsequently, the Bettys filed a motion to alter or amend the order, arguing that the proposed order submitted by the Vineyards was inadequate in that it failed to state several important points. The Bettys also filed a motion to stay execution of judgment pending appeal. The trial court denied both of these motions. The Vineyards then filed a motion for contempt arguing that the Bettys were not in compliance with the previous orders of the court. This motion was heard and denied by the trial court on February 1, 2001, the same day on which the Bettys filed a notice of appeal.

The Bettys present two issues for our review on appeal: (1) whether the trial court erred in granting a prescriptive easement without finding such easement existed by clear and convincing evidence; and (2) whether the trial court erred in granting injunctive relief in the form of a prescriptive easement where the Vineyards failed to make a showing of irreparable harm.

An easement is an interest in another's real property that confers on the easement's holder an enforceable right to use that real property for a specific use. *Bradley v. McLeod*, 984 S.W.2d 929, 934 (Tenn. Ct. App. 1998) (citing *Brew v. Van Deman*, 53 Tenn. (6 Heisk.) 433, 436 (1871)). The Vineyards claim such an interest in a portion of the land owned by the Bettys under a theory of prescriptive easement. To establish a prescriptive easement the use and enjoyment of the land must be adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period, twenty years. *Id.*; *Pevear v. Hunt*, 924 S.W.2d 114, 116 (Tenn. Ct. App. 1996); *Town of Benton v. Peoples Bank of Polk County*, 940 S.W.2d 598, 602 (Tenn. Ct. App. 1995). A party claiming an easement by prescription must prove facts necessary to establish these elements

by clear and convincing evidence. *Stone v. Brickey,* No. M2000-03-93-COA-R3-CV, 2001 Tenn. App. LEXIS 748, at *6 (Tenn. Ct. App. Oct. 5, 2001) (no Tenn. R. App. P. 11 application filed) (petition to rehear denied Oct. 5, 2001), *citing House v. Close*, 48 Tenn. App. 441, 346 S.W.2d 445, 447 (1961); *Bingham v. Knipp*, No. 02A01-9803-CH-00083, 1999 Tenn. App. LEXIS 117, * 4-5 (Tenn. Ct. App. Feb. 23, 1999) (no Tenn. R. App. P. 11 application filed), *citing McCammon v. Meredith*, 830 S.W.2d 577, 580 (Tenn. Ct. App. 1991).[1]

The Bettys argue on appeal that the trial court did not use the proper evidentiary standard for determining whether a prescriptive easement exists in favor of the Vineyards. Specifically, the Bettys argue that the trial court incorrectly used the preponderance of the evidence standard as opposed to the clear and convincing evidence standard. This assertion is based on the absence in the final order of a statement as to the burden of proof or standard of evidence applied. Whether or not the trial court stated that the evidence was clear and convincing, an appellate court's role is to review the evidence and make that determination. *Hogan v. Cooper*, 619 S.W.2d 516, 520 (Tenn. 1981).

Where a party is required to establish facts by clear and convincing evidence, on appeal, this court must review the evidence *de novo* to determine whether or not that party carried its burden; *i.e.*, whether the evidence makes the factual conclusion "highly probable" or leaves no substantial doubt about the correctness of the conclusion. *Walton*, 950 S.W.2d at 960; *Estate of Acuff*, 56 S.W.3d at 537. Thus, the Bettys' argument is an attack on the sufficiency of the evidence.[2] These issues would require us to undertake a thorough review of the evidence presented at trial.

We have, however, been presented with a very limited record on appeal in this matter. The record does not contain a transcript of the trial or a statement of the evidence.[3] Where the issue on appeal is one of fact, this court must be presented with a record that allows us to make the review necessary under Tenn. R. App. P. 13. Because our jurisdiction is appellate only, our review power is limited to those factual and legal issues for which an adequate legal record has been preserved. *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976); Tenn. R. App. P. 13(c).

---

[1]To be "clear and convincing" the evidence must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established; clear and convincing evidence leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Walton v. Young*, 950 S.W.2d 956, 960 (Tenn. 1997). Clear and convincing evidence makes the factual conclusion "highly probable." *Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 537 (Tenn. Ct. App. 2001).

[2]The Bettys have also argued that there was insufficient evidence of irreparable harm to justify the grant of an injunction. The final order enjoins the Bettys to remove a fence or install gates in the fence in order to allow the Vineyards access to their property. We must presume this is the injunction referenced by the Bettys' argument. However, the argument principally addresses the lack of proof of harm from denial of access as it relates to the easement holding. In either event, the issue is also one of sufficiency of the evidence.

[3]Although not relevant to the question of the sufficiency of the record, we also note the case was submitted to this court without a request for oral argument, and the appellee chose not to file a brief.

The Tennessee Rules of Appellate Procedure clearly enumerate the proper contents for an appellate record, place the burden for preparing an adequate record on the parties, and outline the steps that the parties must take to assure that the record on appeal contains all the information needed to present factual and legal issues to an appellate court.

> Tenn. R. App. P. 24(a) identifies the papers filed in the trial court that will be presumptively part of the record on appeal and instructs the parties on how to supplement or abridge these papers. For those factual matters that cannot be gleaned from the papers filed with the court, Tenn. R. App. P. 24(a)(3) requires a transcript or statement of the evidence. Tenn. R. App. P. 24(b) prescribes the procedure for obtaining and filing the transcript of the proceedings, and Tenn. R. App. P. 24(c) and (d) prescribe how to prepare and file a statement of the evidence or proceedings when a transcript is unavailable.

*Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 Tenn. App. LEXIS 75, *4-5 (Tenn. Ct. App. Feb. 6, 2001) (no Tenn. R. App. P. 11 application filed). Allegations contained in pleadings are not evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Recitations of the facts contained in a brief, or arguments of counsel, also are not evidence. *Id*. It is the duty of the appellant to prepare an adequate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

The issues raised by the Bettys involve the weight and sufficiency of the evidence underlying the trial court's findings. In the absence of an appellate record containing facts, this court must presume that "the record, had it been preserved, would have contained sufficient evidence to support the trial court's findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Where factual issues are raised, including issues of sufficiency of the evidence, without a transcript or complete statement of the evidence, we must conclusively presume that there was sufficient evidence to support the trial court's findings. *Coakley v. Daniel*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Accordingly, we must affirm the judgment of the trial court.

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the appellants, Walker and Mildred Betty, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE