IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0667
════════════
 
Eberhard Samlowski, M.D., Petitioner,
 
v.
 
Carol Wooten, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Tenth 
District of Texas
════════════════════════════════════════════════════
 
 
Argued November 18, 2009
 
 
            
Justice Medina announced 
the judgment of the Court and delivered an opinion in which Chief Justice Jefferson and Justice Hecht 
joined.
 
            
Justice Guzman filed an 
opinion concurring in the judgment in which Justice Lehrmann joined and in Parts I 
& II.B of which Justice Wainwright joined.
 
            
Justice Wainwright filed an opinion dissenting 
in part and concurring in the judgment.
 
            
Justice Johnson filed a 
dissenting opinion in which Justice Green 
and Justice Willett 
joined.
 
 
            
Texas Civil Practice and Remedies Code section 74.351 requires that a 
trial court dismiss a health care liability claim unless the claimant serves an 
expert report within 120 days after filing suit. Tex. Civ. Prac. & Rem. 
Code § 74.351(b). This 
dismissal requirement is subject to the trial court’s discretion to grant one 
thirty-day extension for the claimant to cure a timely served but deficient 
report. Id. § 74.351(c). The trial court in this 
health care liability case determined that claimant’s timely served report was 
deficient and dismissed her suit without granting her request for an extension 
of time to cure the report. The court of appeals agreed the report was deficient 
but concluded the trial court abused its discretion by denying the requested 
extension. 282 S.W.3d 82, 91.
            
We granted the petition to consider under what circumstances a trial 
court might abuse its discretion when denying such an extension. Like most cases 
involving trial court discretion, a single rule will not fit every situation, 
but generally a trial court should grant an extension when the deficient report 
can be cured within the thirty-day period the statute permits. The court of 
appeals concluded, among other things, that the case should be remanded to the 
trial court for further proceedings, and a majority of the Court agrees with 
that judgment. There is no majority reasoning for why we remand, however. Three 
members of the Court essentially agree with the court of 
appeals’ analysis, three members disagree with that analysis and would 
reverse and render, and three members disagree with the court of appeals’ 
analysis but would nevertheless remand in the interests of justice. I am in this 
last group.
            
Because the record does not establish that the deficient expert report 
would have been cured if the extension had been granted in this case, I cannot 
say that the trial court abused its discretion in denying the extension. 
Although I disagree with the court of appeals’ analysis of the statute and its 
application of the abuse of discretion standard, I conclude that the interests 
of justice require a remand to the trial court in this case. Accordingly, I 
would affirm the court of appeals’ judgment remanding this cause as modified by 
this opinion.
I
            
Carol Wooten was admitted to Walls Regional Hospital in Cleburne, 
complaining of severe abdominal pain. Dr. Eberhard 
Samlowski assumed Wooten’s primary care and two days 
later performed laparascopic gall bladder surgery. The 
surgery failed to relieve Wooten’s pain. Following additional tests and a 
consult recommending further surgery to explore the abdomen, Dr. Samlowski performed an exploratory laparotomy that revealed a complete bowel obstruction with 
perforations in the pelvic region. Dr. Samlowski 
attempted to repair the perforations and adhesions he found during this 
surgery.
            
Postoperative complications resulted in Wooten’s transfer to Hughley Memorial Medical Center in Fort Worth. Her admission 
diagnosis there included postoperative cholecystectomy 
and repair of bowel perforation, sepsis syndrome, acute respiratory distress 
syndrome, renal insufficiency/failure, acute blood loss anemia, respiratory 
failure, type 2 diabetes mellitus, and sarcoidosis. 
Four additional surgical procedures were performed on Wooten at Hughley where she remained for over sixty days.
            
Wooten subsequently sued Dr. Samlowski for 
medical negligence, serving Dr. R. Don Patman’s expert 
report 105 days later.[1] In this report, Dr. Patman discusses the standard of care and several instances 
where Dr. Samlowski’s care fell short. In Dr. Patman’s opinion, the patient’s lab results, complaints, and 
history did not indicate the need for gall bladder surgery. Instead, Dr. Patman states that Dr. Samlowski 
should have performed additional tests to discover the actual cause of the 
patient’s acute abdominal pain—a complete pelvic bowel obstruction with several 
areas of necrosis and perforation. Regarding causation, Dr. Patman concludes that Dr. Samlowski’s inaccurate diagnosis and incomplete preoperative 
evaluation proximately caused the patient’s subsequent complications and 
prolonged hospitalization, and that in all likelihood the patient would require 
future treatment and additional surgery.
            
Dr. Samlowski promptly filed a motion 
challenging the report as “wholly deficient in providing any expert opinions 
regarding specifically how the care [he] rendered . . . proximately caused the 
injury, harm, or damages claimed.” Dr. Samlowski 
subsequently filed a motion to dismiss after the statutory deadline for serving 
expert reports had passed. Wooten responded to both 
motions, arguing that her expert report was sufficient, but also asking 
for a thirty-day extension to cure the report, if the trial court found it 
deficient.
            
The trial court heard the motions and a few days later signed an order 
dismissing Wooten’s case. No record was made at the hearing. The court’s order 
expressly granted both of Dr. Samlowski’s motions but 
did not mention Wooten’s request for a thirty-day extension to cure. The court’s 
order, however, disposed of Wooten’s pending motion by reciting that all relief 
not expressly granted was denied. Wooten appealed.
            
A divided court of appeals reversed and remanded with directions that 
Wooten be granted a thirty-day extension. 282 S.W.3d 82, 
91. Although the court agreed that the expert report was deficient, it 
nevertheless concluded that the trial court had abused its discretion[2] by not giving Wooten additional time to 
cure that deficiency. Id. at 90–91. The report was deficient, according 
to the court of appeals, because it did “not represent a good-faith effort to 
summarize the causal relationship between Dr. Samlowski’s failures to meet the applicable standards of 
care and Wooten’s claimed injury, harm, and damages.” Id. at 90 (citing Tex. Civ. Prac. & Rem. Code § 
74.351(r)(6)). But the court concluded that the trial 
court should have given Wooten additional time to cure that deficiency because 
the expert report was a “good-faith attempt” to comply with the statute that 
could easily be cured with a supplemental report. Id. 
at 91. A dissent argued that the trial court had not abused its 
discretion in dismissing the underlying lawsuit because the report was not “an 
objective good faith effort to comply with the [statutory] definition of an 
expert report.” Id. at 93 (Gray, C.J. 
dissenting).
II
            
Dr. Samlowski’s argument here is similar to the 
dissent in the court of appeals. He complains the court’s concession that 
Wooten’s expert report was not a “good faith effort” conflicts with its 
abuse-of-discretion holding and submits that the former negates the latter. He 
further submits that the court of appeals’ characterization of the report as a 
“good faith attempt” is a meaningless distinction through which the court has 
merely substituted its judgment for that of the trial court. Dr. Samlowski thus views a good faith effort in producing an 
expert report as the predicate for the trial court’s discretion under section 
74.351(c).
            
Wooten, on the other hand, argues that trial court discretion under 
section 74.351(c) should be judged by the relative good faith exhibited in a 
deficient expert report. The court of appeals’ opinion similarly adopts this 
view, suggesting that the deficiency in Dr. Patman’s 
report was too small to permit the denial of Wooten’s motion to cure. 282 S.W.3d at 90. Wooten concludes that the court of appeals’ 
judgment should be affirmed because a fair reading of Dr. Patman’s report shows that her claim has merit and the 
report’s defect easily cured.[3]
            
Neither party’s argument proposes a reasonable scheme for the exercise or 
review of the trial court’s discretion under section 74.351(c). Dr. Samlowski’s argument suggests that trial court discretion in 
this instance is absolute, while Wooten’s indicates that appellate review is not 
for abuse of discretion, but de novo. Both arguments are based on a similar 
faulty premise: that trial court discretion under section 74.351(c) should be 
measured or controlled by some notion of good faith. Good faith, however, is not 
mentioned in section 74.351(c).
            
Subsection (c) merely states that “the court may grant one 30-day 
extension” if elements of the expert report are deficient. Tex. Civ. Prac. & Rem. 
Code § 74.351(c).[4] The term “good faith” is used in the 
statute, but it appears in a later provision discussing motions that challenge 
“the adequacy of the expert report.” Id. § 
74.351(l). Subsection (l) states that “[a] court shall 
grant a motion challenging the adequacy of an expert report [when] the report 
does not represent an objective good faith effort to comply with the 
definition of an expert report[.]” Tex. 
Civ. Prac. & Rem. Code § 74.351(l) (emphasis 
added).
We have 
explained that a “good faith effort” in this context simply means a report that 
does not contain a material deficiency. Therefore, an expert report that 
includes all the required elements, Jernigan v. Langley, 195 S.W.3d 91, 
94 (Tex. 2006), and that explains their connection to the defendant’s conduct in 
a non-conclusory fashion, Bowie Memorial Hospital 
v. Wright, 79 S.W.3d 48, 53 (Tex. 2002), is a good faith effort. In 
contrast, a report that omits an element or states the expert’s opinions in 
conclusory form is not a good faith effort. Am. Transitional Care Ctrs. of Tex., 
Inc. v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001). Under these cases, 
a “good faith effort” will produce an adequate expert report for which no 
extension under section 74.351(c) is needed. A deficient expert report then is 
the predicate for the exercise of the trial court’s discretion under section 
74.351(c), and not, as Dr. Samlowski suggests, proof 
that the trial court decided the matter correctly.
            
Dr. Samlowski’s complaint that the court of 
appeals has merely substituted its judgment for that of the trial court, 
however, is more troubling. The court of appeals described Dr. Patman’s report as “thorough, well-detailed, and—except for 
one small and easily curable deficiency—patently and sufficiently specific.” 
282 S.W.3d at 90. But the underlying merit of Wooten’s 
claim and the relative ease of curing Dr. Patman’s 
report are matters in dispute. It is not enough that the court of appeals would 
have decided the dispute differently because the abuse of discretion standard 
generally “insulates the trial judge’s reasonable choice from appellate second 
guessing.” W. Wendell Hall, Standards of Review in 
Texas, 38 St. Mary’s L. J. 
47, 62 (2006). As we have said, “to find an abuse of discretion [when 
factual matters are in dispute], the reviewing court must conclude that the 
facts and circumstances of the case extinguish any discretion in the matter.” 
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 
(Tex. 1985).
            
A trial court therefore abuses its discretion when it renders an 
arbitrary and unreasonable decision lacking support in the facts or 
circumstances of the case. Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). 
Similarly, a trial court abuses its discretion when it acts in an arbitrary or 
unreasonable manner without reference to guiding rules or principles. 
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 
664, 666 (Tex. 1996) (citing Downer v. Aquamarine Operators, Inc., 701 
S.W.2d 238, 241 (Tex. 1985). Section 74.351(c)’s text, 
however, provides no particular guidance on how the court should exercise its 
discretion, stating merely that “the court may grant one 30-day extension to the 
claimant in order to cure [a timely but deficient report].” See Tex. Civ. Prac. & Rem. 
Code § 74.351(c). 
Guidance must come instead from the broader purposes of the Texas Medical 
Liability Act of which section 74.351(c) is a part.
III
            
A core purpose of this legislation was to identify and eliminate 
frivolous health care liability claims expeditiously, while preserving those of 
potential merit. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11(b)(1), (3), 2003 Tex. Gen. Laws 847, 884 
(seeking to reduce frivolous claims but “in a manner that will not unduly 
restrict a claimant’s rights any more than necessary to deal with the crisis”); 
see also Leland v. Brandal, 257 S.W.3d 204, 208 
(Tex. 2008) (noting that in “section 74.351, Legislature struck a careful 
balance between eradicating frivolous claims and preserving meritorious ones”). 
To further this goal, the statute sets a deadline for the claimant to 
substantiate the underlying health care liability claim with expert 
reports.
            
The claimant is required to serve each defendant physician or other 
health care provider with an expert report within 120 days of filing suit. Tex. Civ. Prac. & Rem. 
Code § 74.351(a). This 
report must provide a fair summary of the expert’s opinions “regarding 
applicable standards of care, the manner in which the care rendered by the 
physician or health care provider failed to meet the standards, and the causal 
relationship between that failure and the injury, harm, or damages claimed.” 
Id. § 74.351(r)(6). If the report is deficient, 
it may be challenged, and a deficient report may likewise lead to dismissal. 
Id. § 74.351(a), (b) & (l). But a 
deficient report does not invariably require dismissal of the underlying health 
care liability claim. The statute incorporates a significant exception 
“explicitly giv[ing] trial 
courts discretion to grant a thirty day extension so that parties may, where 
possible, cure deficient reports.” Ogletree 
v. Matthews, 262 S.W.3d 316, 320 (Tex. 2007) (citing Tex. Civ. Prac. & Rem. 
Code § 
74.351(c)).
            
The overriding principle guiding trial court discretion under section 
74.351(c) then is the elimination of frivolous claims and the preservation of 
meritorious ones. An adequate expert report is how the statute distinguishes 
between the two. A trial court should therefore grant an extension when a 
deficient expert report can readily be cured and deny the extension when it 
cannot. In making that determination, a trial court may sometimes err and 
dismiss a claim when the report could have been cured. A reasonable error in 
judgment, however, is not an abuse of discretion. See Walker v. Packer, 
827 S.W.2d 833, 839-40 (Tex. 1992) (noting that reviewing court may not 
substitute its judgment as to factual matters committed to trial court’s 
discretion).
            
Wooten has conceded in this Court that her report was deficient but 
maintains that she was entitled to an extension because her expert report could 
easily have been cured. The court of appeals agreed, but this is only the 
court’s best judgment in the matter. The record does not establish that the 
deficient report would have been cured if the extension had been granted, 
and a claimant’s mere assertion or belief that it could have been cured 
with an extension of time does not demonstrate an abuse of discretion under 
section 74.351(c). When the trial court denies a motion to cure, the claimant 
must make a record that demonstrates the deficiency would have been 
cured.
            
The claimant must therefore be prepared to cure a deficient expert report 
whether or not the trial court grants the claimant’s motion. When, as in this 
case, the trial court simultaneously finds the expert report deficient, denies a 
motion to cure, and dismisses the underlying health care liability claim, the 
claimant must move the court to reconsider and promptly fix any problems with 
the report. This should further be done within the statutory, thirty-day period, 
thereby demonstrating that the report would have been cured had the extension 
been granted. If this is accomplished and the court refuses to reconsider, the 
now compliant report will typically establish the trial court’s abuse of 
discretion. Wooten didn’t make such a record in the trial court, and thus we are 
left to speculate about whether she could have cured her expert report with an 
extension.
IV
            
I, however, agree with Justice Guzman’s view that “trial courts should 
err on the side of granting claimants’ extensions to show the merits of their 
claims.” ___ S.W.3d at ___. The right answer in many 
cases will be for the trial court to grant one thirty-day extension upon timely 
request and be done with it. Justice Guzman agrees that this report was 
deficient, but good enough to warrant an extension, and again I do not 
disagree.
            
The statute, however, grants the trial court discretion in the matter, 
and Justice Guzman’s analysis appears to be no different from that of the court 
of appeals, which I view as merely a substitution of the appellate court’s 
discretion for that of the trial court. Under her analysis, it remains unclear 
how we are to distinguish between deficient reports that demonstrate merit and 
deficient reports that do not, other than by Justice Potter Stewart’s famous 
maxim: “I know it when I see it.” Jacobellis 
v. Ohio, 378 U.S. 184, 197 (1964) (Stewart, J. concurring) (stating his test 
for determining hard-core pornography outside the bounds of constitutional 
protection). Because the expert report was deficient as served, I cannot agree 
unequivocally that the trial court abused its discretion when denying the motion 
to cure. See Tex. Civ. Prac. 
& Rem. Code § 74.351(b) (stating that if an expert report has not 
been served, the court shall, subject to the court’s discretionary power to 
grant one 30-day extension, dismiss the claim).
V
            
Although the record in this case does not clearly indicate that the trial 
court abused its discretion, Dr. Patman’s report is 
largely as described by the court of appeals—“thorough and well-detailed.” 282 S.W.3d at 90. The court of appeals was plainly concerned 
about whether justice had been done in the trial court. And although the 
claimant did not follow the procedure I set out in this opinion, I too am not 
unsympathetic. A claim is not typically saved by doing precisely what the trial 
court has refused permission to do. But when a motion to cure under section 
74.351(c) is denied, the claimant must act to correct any problems with the 
expert report in a timely manner to demonstrate an abuse of 
discretion.
            
The statute, however, does not express the procedure I have outlined 
today. Because the statute is silent on the principles and procedure that should 
control the trial court’s discretion in this area and the arguments of the 
parties unfocused as a result, I conclude that the interests of justice will 
best be served by a remand to the trial court. See, e.g., Low v. 
Henry, 221 S.W.3d 609, 621 (Tex. 2007) (remanding “to allow the parties to 
present evidence responsive to our [new] guidelines”); Humble Sand & 
Gravel, Inc. v. Gomez, 146 S.W.3d 170, 195 (Tex. 2004) (“Because the parties 
have not focused on the issue we think is crucial, we conclude that the 
interests of justice would be best served by a new 
trial.”).
* * 
*
            
The court of appeals’ judgment is modified to reflect a remand to the 
trial court for further proceedings, and the court’s judgment, as modified, is 
affirmed.
 
 
                                                                                                
 ____________________________
                                                                                                
 David M. Medina
                                                                                                
 Justice
 
Opinion Delivered: February 25, 2011







[1] Dr. 
Patman is a board-certified general and vascular 
surgeon and Clinical Assistant Professor of Surgery at the University of Texas 
Southwestern Medical School and Attending Surgeon at Baylor University Medical 
Center in Dallas.

[2] In 
Walker v. Gutierrez, we held that a trial court’s denial of an extension 
to cure an expert report under former Section 13.01(g) of the Medical Liability 
and Insurance Improvement Act, Texas Revised Civil Statute art. 4590i, was to be reviewed for abuse of discretion. 111 S.W.3d 56, 62 (Tex. 2003). The procedures in former 
section 13.01 and section 74.351 for serving expert reports and granting 
extensions of time to correct deficiencies are similar, although the 
requirements and deadlines are not exactly the same. The former statute 
required, and current statute requires, dismissal of the suit in the event a 
timely expert report is not served. See Tex. Civ. Prac. & Rem. 
Code § 74.351(b); former Tex. 
Civ. Stat. art. 4590i § 13.01(e). The former 
statute authorized the trial court, under certain circumstances, to grant extra 
time to meet the statutory requirements. See former Tex. Rev. Civ. Stat. art. 4590i 
§ 13.01(g). So does the current statute. See Tex. Civ. Prac. & Rem. 
Code § 74.351(c). Given 
the structural and substantive similarities between section 74.351 and former 
section 13.01, the abuse of discretion standard likewise applies to a trial 
court’s decision to deny an extension of time under section 74.351(c).

[3] Wooten 
also argued in the court of appeals and in her brief to this Court that Dr. 
Patman’s report was sufficient, but at oral argument 
she conceded that the report was deficient.

[4] Section 
74.351(c) provides in full:
 
(c) If an 
expert report has not been served within the period specified by Subsection (a) 
because elements of the report are found deficient, the court may grant one 
30-day extension to the claimant in order to cure the deficiency. If the 
claimant does not receive notice of the court’s ruling granting the extension 
until after the 120-day deadline has passed, then the 30-day extension shall run 
from the date the plaintiff first received the notice.
 
Tex. Civ. Prac. & Rem. 
Code § 
74.351(c).