**MERCEDES–BENZ CREDIT CORPORATION, Petitioner,**

v.

**Norman A. RHYNE and Marcella Rhyne, Respondents.**

No. 95–0159.

Supreme Court of Texas.

Argued Jan. 16, 1996.

Decided July 12, 1996.

sale price and the money it said Rhyne owed on the trucks. Rhyne counterclaimed for violations of the Deceptive Trade Practices Act, wrongful repossession, usury, conversion, and breach of contract. After a bench trial, the court rendered judgment that Mercedes take nothing on its deficiency claim. It also rendered judgment that Rhyne take the following: $1.95 million in actual damages; $1.95 million in enhanced DTPA damages or, in the alternative, exemplary damages; and attorney's fees. The court of appeals affirmed, holding in part that the trial court did not abuse its discretion by denying Mercedes a jury trial. *See id.* at ——. We granted the application for writ of error to consider points of error concerning breach of the peace, wrongful repossession, waiver, default, written assurance of performance, unconscionability, conversion, and the legal sufficiency of the damage award. Because we dispose of this case on the jury trial question, we do not reach the merits of those issues, and the Court neither approves nor disapproves of the opinion of the court of appeals.

Karen L. Watkins, Shannon H. Ratliff, Jeff Bohm, Austin, Rebecca A. Leigh, Mitchell J. Buchman, Houston, Richard Kelley, for Petitioner.

Raymond L. Thomas, Francisco J. Rodriguez, McAllen, Luther H. Soules, II, Vincent Lee Marable, Wharton, Robinson C. Ramsey, Sara S. Murray, San Antonio, James P. Wallace, Austin, for Respondents.

SPECTOR, Justice, delivered the opinion for a unanimous Court.

In this case of first impression, we consider whether a trial court abuses its discretion by denying a jury trial to a litigant who had relied on the court's order issued a year before the trial date setting the case on the jury docket. The court of appeals affirmed the trial court's denial. *See* —— S.W.2d ——, ——. We hold that the trial court abused its discretion, and we therefore reverse the judgment of the court of appeals and remand the case to the trial court.

## I

This case arose when the Mercedes–Benz Credit Corporation repossessed two trucks from Norman A. Rhyne, sold them, and then sued Rhyne for the deficiency between the

## II

Mercedes argues that the trial court abused its discretion by denying it a jury trial. The record reveals that Rhyne filed a request for a jury trial but never paid the jury fee. On February 19, 1991, the trial court signed an order declaring that "[i]t is hereby ORDERED that the above entitled and numbered cause is set for trial on the merits *before a jury* on February 3, 1992." Order Setting Trial at 1, *Mercedes–Benz Credit Corp. v. Rhyne* (No. C–3175–89–A) (emphasis added). Thereafter, the trial court never modified or withdrew its order setting the case for trial before a jury. Neither party, however, had paid the jury fee. On Friday, January 31, 1992, the final business day before the trial setting, Mercedes discovered that Rhyne had never paid the jury fee and that he no longer wanted a jury. Mercedes then made its own jury demand and paid the $10 jury fee the next business day. On that day, the trial court on whose jury docket the case had been set transferred the case to a new court. Four days later, the new trial court held a pretrial hearing, de-

nied Mercedes's jury request, and proceeded with a bench trial.

■ The United States and Texas Constitutions guarantee the right to trial by jury. *See* U.S. CONST. art. III, § 2; TEX. CONST. art. I, § 15. We review the trial court's denial of a jury demand for an abuse of discretion. *See State v. Wood Oil Distrib. Inc.,* 751 S.W.2d 863, 865 (Tex.1988). In conducting an abuse of discretion review, we examine the entire record. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987). We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–41 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Mercedes argues that two sets of events lead to the conclusion that the trial court abused its discretion by denying Mercedes's request for a jury trial. First, Mercedes contends that Rhyne's conduct during the pretrial stage of the litigation created the reasonable expectation that Rhyne had paid the jury fee. Rhyne had expressed his intent to have issues resolved by a "panel of [his] peers" in interrogatory responses filed within thirty days of the trial setting, and he also emphasized his intent to try his counterclaims to a jury in correspondence he sent to Mercedes before trial. We do not, however, believe that Rhyne's conduct controls the outcome of this case. Only when a party demands a jury *and* pays the fee can the opposing party rely on those actions. *See* TEX.R.CIV.P. 220. In such a case, the trial court may not remove the case from the jury docket over the objections of the opposing party. *See* TEX.R.CIV.P. 216, 220. Mercedes could not rely on Rhyne's actions because Rhyne never paid his jury fee.

■ Second, Mercedes argues that the trial court abused its discretion by disregarding its own order setting the case on the jury docket for a jury trial. Rule 216 of the Texas Rules of Civil Procedure, which provides the requirements for a party to assure its right to a jury trial, normally furnishes the guidelines under which a trial court must act. That rule calls upon parties to make a jury request and pay the jury fee "a reasonable time before the date set for trial of the cause on the *non-jury docket,* but not less than thirty days in advance." TEX.R.CIV.P. 216(a) (emphasis added).[1] In this case, neither party paid the jury fee more than thirty days before the trial setting. But Rule 216 does not speak to this case, in which the trial court set the case on the *jury docket* and issued an order announcing that it had done so. A trial court clerk, not the court itself, usually performs the ministerial duty of placing a case on the jury docket. *See* O'CONNOR'S TEXAS RULES * CIVIL TRIALS 352 (1996) ("Generally, the court does not enter an order on a request for a jury trial."). When the trial court took the uncommon step of signing the order setting the case for a jury trial, the court was not free to later ignore that order.

We agree with Mercedes that the trial court's disregard of its own order in this case was arbitrary and capricious and therefore an abuse of discretion. The trial court issued a written order a year before trial stating that the case would be tried before a jury. The trial court's order remained unmodified and unchallenged throughout all of the pretrial proceedings. In such a situation, Mercedes was entitled, as a matter of law, to rely on the trial court's order setting the case for a jury trial. For the trial court to vacate or change its order, it must have given the parties a reasonable time to comply with Rule 216 requirements for making a jury demand and paying the fee.

1. The rule reads as follows:

    a. **Request.** No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

    b. **Jury fee.** Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

    This Court has previously held that the Rule 216 "time limitations apply with equal force to the application for jury trial and the payment of the jury fee." *Huddle v. Huddle,* 696 S.W.2d 895, 895 (Tex.1985).

Rhyne relies on *Higginbotham v. Collateral Protection, Incorporated,* 859 S.W.2d 487 (Tex.App.—Houston [1st Dist.] 1993, writ denied), for support, but that case is distinguishable for two reasons. First, the trial court in *Higginbotham* signed an order "that did not identify the trial as a jury trial, but merely said that the case was set preferentially." *Id.* at 488 (citation omitted). Second, the court of appeals in *Higginbotham,* although holding that the trial court did not abuse its discretion in denying the jury request, also held that because of "mistakes on the part of the court and its personnel" the trial court *did* abuse its discretion by denying a motion for continuance that immediately followed the jury request. *Id.* at 489. As the dissent pointed out, the majority's decision to hold that the trial court abused its discretion on the continuance motion was no different than a decision that the trial court abused its discretion on the jury trial question. *See id.* at 491 (Smith, J., dissenting) ("Appellants' motion for a continuance primarily addresses the topic of why they are entitled to a jury trial rather than why a continuance should be granted.").

Because we hold that the trial court's denial of Mercedes's request for a jury trial was an abuse of discretion, we next determine whether the court's error was harmful and requires reversal. The wrongful denial of a jury trial is harmful when the case contains material fact questions. *See Halsell v. Dehoyos,* 810 S.W.2d 371, 372 (Tex. 1991). The dispute between Rhyne and Mercedes is replete with material fact questions. Therefore, the denial of the jury trial was harmful error and requires reversal.

### III

We hold that the trial court abused its discretion and committed harmful error by ignoring its own order and denying Mercedes a jury trial. We therefore reverse the judgment of the court of appeals and remand this case to the trial court for a new trial before a jury.