Opinion issued July 7, 2005



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00139-CV
__________
 
JENNIFER DEGHELDER, Appellant
 
V.
 
WILLIAM COMPTON, JR., Appellee
 

 
 
On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2001-16182
 

 
 
MEMORANDUM OPINION
          Appellant, Jennifer DeGhelder, challenges the trial court’s November 10, 2003
order, entered after a bench trial, granting a petition to modify an order in a suit
affecting the parent-child relationship filed by appellee, William Compton, Jr. 
Compton brought suit, seeking to modify the parent-child relationship with his
children, J.C., A.C., and B.C., based on allegations that DeGhelder’s live-in boyfriend
abused another child living in DeGhelder’s home.


 In three issues, DeGhelder
contends that the trial court abused its discretion in denying her right to a jury trial.


 
We reverse and remand for a new trial.
Factual and Procedural Background

          On September 29, 2003, the trial court seated a jury and commenced a jury trial
on the merits of Compton’s petition. The following day, a juror did not appear due
to a death in his family. Because there was no alternate juror, and the parties objected
to proceeding with a jury of less than twelve members, the court declared a mistrial,
and excused the remaining members of the jury. The trial court then swore in a
second venire panel and commenced voir dire. However, during voir dire, the court
discovered that the parties had not paid a jury fee. The court recessed voir dire and
conducted an in-chambers conference to determine whether the case would be tried
to a jury or the bench.
          During this conference, DeGhelder advised the court that she had just paid the
jury fee and was ready to proceed with a jury trial. Alternatively, DeGhelder
requested a 30-day continuance if the court determined that it could not proceed with
a jury trial at that time. She also argued that the parties had already picked one jury,
that it would be prejudicial not to continue with a jury trial because all parties had
been aware that this case was to be tried to a jury, that continuing with a jury trial
would not be disruptive to the court, and that it would be unconstitutional to deny
appellant her right to a jury trial in light of the material fact issues presented in the
case.
          Compton argued that, in light of the failure to pay a jury fee, DeGhelder was
not entitled to a jury trial. The attorney ad litem argued that it was not in the best
interest of the children for the case to be delayed even one day, and that the case
should be tried to the bench to conclude the litigation. The court then noted that, if
it proceeded with a jury trial, the case could not be completed during the week
originally set aside for the trial, that in light of the mistrial the court was already
behind schedule, and that the court had another docket the following week with a
substantial number of cases. 
          After noting that it had not signed any written order setting the case for jury
trial, that the payment of the jury fee had not been made in compliance with the Texas
Rules of Civil Procedure, that it would prejudice the parties to continue with a jury
trial, and that the attorney ad litem had stated that it would not be in the best interest
of the children to continue the case, the court dismissed the jury, denied DeGhelder’s
motion for continuance, and proceeded with a bench trial. 
Jury Fee
          DeGhelder asserts that the trial court abused its discretion and violated her
constitutional right to a jury trial when it dismissed the jury panel during voir dire
upon learning that the jury fee had not been paid. Appellant further asserts that trying
the case to a jury would not have interfered with the trial court’s docket, would not
have delayed the trial, and would not have injured Compton. 
          We review a trial court’s denial of a jury demand for an abuse of discretion.
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). In
conducting an abuse of discretion review, we examine the entire record. Id. We will
find an abuse of discretion only when the trial court’s decision is arbitrary,
unreasonable, and without reference to guiding principles. Id.
          The Texas Constitution guarantees the right to trial by jury. See Tex. Const.
art. I, § 15. However, in order to be entitled to a trial by jury, a party must file a
written request for a jury trial and pay a jury fee within a reasonable time before trial. 
Tex. Const. art. V, § 10 (stating that “no jury shall be empaneled in any civil case
unless demanded by a party to the case, and a jury fee be paid by the party demanding
a jury, for such sum, and with such exceptions as may be prescribed by the
Legislature”); Tex. R. Civ. P. 216 (stating that a jury fee “must be deposited . . .
within the time for making a written request for a jury trial”). 
          Here, the record establishes that appellant did not timely pay a jury fee. 
However, DeGhelder did pay the fee immediately after being notified by the trial
court that a jury fee had not been paid, and it is well-established that a trial court,
even when a party does not timely pay the jury fee, should accord the right to jury
trial if it can be done without interfering with the court’s docket, delaying the trial,
or injuring the opposing party. Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476
(Tex. 1997).  
          This Court has previously held that a trial court abused its discretion in denying
an appellant a jury trial under similar circumstances. Dawson v. Jarvis, 627 S.W.2d
444, 446–47 (Tex. App.—Houston [1st Dist.] 1981, writ ref’d n.r.e.). In Dawson, on
the morning of the trial, the trial court discovered that, though the parties had timely
requested a jury, neither party had paid a jury fee. Id. at 446. The trial court refused
to conduct a jury trial even though both attorneys were ready and prepared to proceed
with a jury trial, the parties and witnesses had been advised that there would be a jury
trial, the court personnel had prepared for a jury trial, three docket control orders had
indicated that there would be a jury trial, a jury panel was available to hear the case,
and one of the parties offered to pay the jury fee before commencement of the trial. 
Id. at 446–47. When the trial court declared its intention to proceed with a bench
trial, one of the parties objected. Id.


 
          In this case, the trial court was in the middle of conducting voir dire when it
became aware of DeGhelder’s failure to pay a jury fee, and the jury panel was waiting
in the courthouse and was available to hear the case. Additionally, the trial court had
set its docket for the week based on the presumption that the case would be tried to
a jury, and the parties had prepared for a jury trial. Thus, we find that DeGhelder
established that a jury trial could be conducted without interfering with the court’s
docket or delaying the trial. DeGhelder also established that the other parties would
not be injured by proceeding with a jury trial because they were clearly prepared to
proceed. While DeGhelder offered to continue the case if necessary, nothing in the
record indicates that the trial court, or any of the other parties, seriously contemplated
continuing the case, whether the case was tried to the bench or a jury. We recognize
that a jury trial generally takes longer than a bench trial to conduct, and we are
sympathetic to the trial court’s comment that conducting a bench trial would serve the
interests of efficiency in handling the remainder of its docket. However, conducting
a jury trial of this case would not have resulted in any unanticipated “delay” or
“interfered” with the court’s docket any more than any other jury trial. Thus, based
on the unique circumstances presented in this case, we must conclude that, despite 
DeGhelder’s late payment of a jury fee, the trial court abused its discretion in denying
DeGhelder a jury trial of this case. We further conclude that, in light of the material
fact issues presented in the case, this error was not harmless. See In re J.N.F., 116
S.W.3d 426, 437 (Tex. App.—Houston [14th Dist.] 2003, no pet.).
          We sustain DeGhelder’s first, second, and third issues.
Conclusion
          We reverse the judgment and remand the cause for a new trial.
 
                                                                      Terry Jennings
                                                                      Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.