NO.
12-05-00168-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

EVA WHITE, §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

LEE
ANN EIKNER,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION








            Eva White
appeals a jury verdict in favor of Lee Ann Eikner.  White raises one issue on appeal, contending
that the trial court abused its discretion by denying her motion for
continuance.  We affirm.

 

Background

            White brought suit against Lee Ann
Eikner and Velvie Young (the “defendants”) for personal injuries resulting from
an automobile accident.  During the
months before trial, the  defendants were
unavailable for depositions, and defense counsel stipulated to liability.  However, days before trial, defense counsel
located the defendants, and they advised counsel that they were contesting
liability.

            While appearing at docket call on
December 6, 2004, White’s counsel was first informed that liability would be
contested.  At that time, White’s counsel
informed the court that he would need a chance to depose the defendants.  On December 7, White filed a motion for
continuance with a supporting affidavit. 
The trial court granted White’s motion and scheduled the trial to begin
on December 8.  








            The trial court’s docket sheet shows
that on December 8, the morning of the trial, White  made an oral motion for continuance.  The trial court denied the oral motion and
called the case to trial.[1] 
No written motion or supporting affidavit was filed with the trial court
on December 8 in support of White’s oral motion.  The jury’s verdict was against White and in
favor of Eikner.  This appeal followed.








Motion for Continuance

            In her sole issue, White asserts the
trial court abused its discretion when it denied her motion for
continuance.  “The granting or denial of
a motion for continuance is within the trial court’s sound discretion.”  Gen. Motors Corp. v. Gayle, 951
S.W.2d 469, 476 (Tex. 1997).  The trial
court abuses its discretion when its decision is arbitrary, unreasonable, and
without reference to guiding principles. 
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666
(Tex. 1996).  Rule 251 of the Texas Rules
of Civil Procedure requires a trial court to grant a continuance for sufficient
cause if the written motion is supported by affidavit.  Tex.
R. Civ. P. 251.  A trial court is
presumed to have correctly exercised its discretion when it denies a motion
that does not comply with the rules governing continuances.  Dallas Indep. Sch. Dist. v. Finlan,
27 S.W.3d 220, 236 (Tex. App.–Dallas 2000, pet. denied). 

            White filed a motion for continuance
supported by affidavit on December 6. 
White received a favorable ruling on her motion and the trial court
scheduled the trial to begin on December 8. 
No written motion or affidavit was filed to support White’s oral motion
for continuance on December 8.  Thus,
White did not follow the procedures established by the Texas Rules of Civil
Procedure in filing her motion for continuance. 
Accordingly, the trial court did not abuse its discretion in denying
White’s motion for continuance.  See id.
 We overrule White’s sole issue.

Disposition

            Having
overruled White’s sole issue, the judgment of the trial court is affirmed.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered May 26, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and DeVasto, J.

 

(PUBLISH)











[1] The trial court’s
docket sheet reflects that after White’s motion for continuance was denied,
White’s counsel approached the bench and nonsuited Velvie Young.  As a result, the trial court dismissed the
case against Young.  Therefore, Young is
not a party to this appeal.