TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00801-CV






Willis Hale, Appellant


v.


Gilbert Prud'homme, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-06-000767, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This dispute arose between appellant, Willis Hale, appearing pro se, and appellee,
Gilbert Prud'homme, over the sale of the stock of Independent Review, Inc. (IRI). Both Hale
and Prud'homme brought multiple claims against the other. The claims were tried to the court
without a jury, and the district court entered a take-nothing judgment on all claims. We affirm
the district court's judgment.


Background

 Prud'homme, a lawyer in Austin, founded IRI with Dr. Stuart Damore in 1998. 
The company began operating as an independent review organization (1) on December 15, 1999. 
IRI operated out of the same office suite as Prud'homme's law office, sharing equipment and
personnel. IRI initially paid Prud'homme a management fee, but ceased payments in June 2004,
as IRI became less profitable. Instead, IRI compensated Prud'homme by allowing him to use the
office suite free of charge for his law practice and by paying a portion of his law office expenses.

 Eventually, IRI shareholders began considering the possibility of selling IRI to a
company with more capitalization. Hale was the CEO of a similar Florida-based company called
Peer Review Mediation & Arbitration, Inc. (PRMA) and an acquaintance of Damore. Damore
introduced Hale to Prud'homme, and the shareholders of the two companies eventually agreed 
that PRMA would acquire IRI through a stock exchange.

 According to the agreement, IRI shareholders would exchange all of the
outstanding 148,000 shares of IRI stock for 75,000 shares of newly-issued shares of PRMA
stock. The agreement also provided that Prud'homme would resign as IRI's Secretary and
Director of Operations but that he would remain in this position "at least until" TDI had
approved his successor. (2) Prud'homme was to continue to have access to PRMA/IRI personnel
and the use of PRMA/IRI offices. In exchange, Prud'homme would pay PRMA/IRA $1,200
per month in cash or legal services. The agreement also provided for temporary cash support of
IRI by PRMA:


 Immediately after the closing hereof, PRMA shall pay up to $10,000 to IRI to help
defray operating deficit per month payable on the 10th of each month or weekly
at PRMA discretion. This assistance shall continue as long as a cash flow deficit
exists in IRI operations, including the salaries of Stuart Damore, M.D. and
Gilbert Prud'homme.


Prud'homme and Damore were to continue as guarantors of any bank debt that existed on the
date of closing. The agreement also provided for unforseen problems with TDI approval:


 In the event that such share transaction is not approved by the Texas regulatory
agency within a reasonable period of time, the parties may take such necessary and
required action to obtain such approval, or alternatively, unwind the contemplated
transaction.


 This agreement was signed by PRMA and the majority shareholders of IRI on
February 11, 2005. Disputes arose as to production and submission of the biographical affidavits
required by TDI and as to the payment of law office bills, bank debt, and the $10,000 monthly
operations payment. In a letter dated June 1, 2005, Prud'homme notified Hale and PRMA that
he and the shareholders of IRI were rescinding the agreement pursuant to its terms.

 PRMA/IRI and Hale filed suit against Prud'homme, alleging causes of action
for breach of contract, breach of trust agreement, breach of fiduciary duty, fraud, tortious
interference with contract/business relationship, and conversion. Prud'homme filed
counterclaims for breach of contract, defamation and libel, fraud, and tortious interference with
business relations. The parties tried their claims to the court in August 2006. On September 27,
2006, the court entered a final judgment that both parties take nothing. Hale appeals.


Discussion

 In three issues, Hale argues that the district court erred by ordering that he take
nothing on his claims for breach of fiduciary duty, tortious interference, and attorneys' fees. 
According to Hale, Prud'homme owed a fiduciary duty to Hale as both an officer of IRI and as
IRI's general counsel, and Prud'homme breached that duty when he erroneously and fraudulently
attempted to rescind the agreement with PRMA. Hale also contends that Prud'homme breached
the agreement and that the district court should have awarded damages. In addition, Hale argues
that he was the prevailing party and, therefore, is entitled to an award of attorneys' fees.

 In arguing that the trial court erred by entering a take-nothing judgment on his
claims, Prud'homme is challenging the sufficiency of the evidence to support that judgment. In
reviewing a legal sufficiency challenge, we review the evidence in the light favorable to
the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not. City of Keller v. Wilson, 168 S.W.3d 802, 807
(Tex. 2005). We will sustain a legal sufficiency challenge if the record reveals: (1) the complete
absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is
no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the
vital fact. See id. at 810. More than a scintilla of evidence exists if the evidence rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions. Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). In reviewing a factual sufficiency challenge,
we must consider and weigh all the evidence in the record, both in support of and against
the finding, to decide whether the judgment should be set aside. Pool v. Ford Motor Co.,
715 S.W.2d 629, 635 (Tex. 1986). We will set aside the judgment for factual insufficiency only
if the evidence that supports it is so against the great weight and preponderance of the evidence
as to be clearly wrong and unjust. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).


 Fiduciary Duty

 Hale argues that Prud'homme breached his fiduciary duty by:


 erroneously attempting to rescind the agreement and keep all of the benefits of the
agreement, including PRMA's stock, and the Appellant suffered as a direct and
proximate result of the breach because the Appellee was grossing the cash flow of
IRI to PRMA's exclusion, $164,323.33 in 2005, alone, for himself and admittedly,
using it for his law practice expenditures.


(internal citations to record omitted). Although Hale's argument is not completely clear, the gist
appears to be that Prud'homme breached his fiduciary duty by "looting" IRI:


 In summation, the Court's finding that Appellee did not 'loot' IRI, as the term was
used, is erroneous based on the Appellee's own testimony, as well as the evidence,
and an award for damages is necessary to correct the wrong.


(internal citations to record omitted).

 The trial court made the following findings of fact regarding Prud'homme's use of
IRI funds:


 5. The Agreement for the Exchange of Shares contained provisions that
permitted the Law Offices of Gilbert Prud'homme to use and share office
equipment and personnel of Independent Review, Inc.

 

 6. The actual use and sharing of Independent Review, Inc.'s equipment
and/or personnel by Gilbert Prud'homme and/or the Law Offices of Gilbert
Prud'homme after the execution of the Agreement for Exchange of Shares
was consistent with and similar to the use and sharing prior to the
execution of said agreement.

 

 7. Gilbert Prud'homme did not improperly divert or convert revenue of
Independent Review, Inc.

 

 8. Gilbert Prud'homme did not improperly transfer personal debt to
Independent Review, Inc.

 

 9. Gilbert Prud'homme did not improperly transfer law office debt to
Independent Review, Inc.

 

 10. Gilbert Prud'homme did not improperly remove funds from Independent
Review, Inc. Bank accounts and/or improperly transfer any corporate assets
of Independent Review, Inc.


 Assuming, without deciding, that Prud'homme owed Hale a fiduciary duty, we
find sufficient evidence in the record to support the district court's findings of fact and take-nothing judgment. Hale cites to the following evidence to support his position: (3)



 Prud'homme's testimony that he did not return the $26,600 he received
from PRMA for operating expenses from February to May under the terms
of the agreement.


 


 Prud'homme's testimony that he did not send back his PRMA stock after
to rescind the agreement because he "didn't consider it necessary." 
Prud'homme further explained that he "considered the transaction as null
and void and that there wasn't any necessity of returning the stock. We
canceled the stock and notified them that according to their records, they
could treat the stock as canceled."
 Hale's own testimony, testimony of Harold Barker, IRI's bookkeeper, and
exhibits showing that IRI continued to pay for Prud'homme's law office
operating expenses after the agreement was executed according to the
terms of the agreement.



In response, Prud'homme points to the following evidence:



 Testimony of Trudie Harkness, IRI's office manager, that expenses paid to
the law firm by IRI did not change after the agreement was signed and that
Hale was fully aware of the law firm expenses paid by IRI.


 


 Hale's testimony that he knew that Prud'homme's law practice and IRI
shared an office suite and that Prud'homme would have the use of IRI
office staff and supplies for the purpose of conducting his law practice.


 


 Hale's testimony that, prior to his signing the agreement, he was provided
with a list of all IRI's expenses, including those paid to Prud'homme's law
practice.


 


 Barker's testimony and financial records from IRI showing that IRI only
paid certain expenses for Prud'homme's law practice, including expenses
for accounting fees, office supplies, malpractice insurance, Lexis-Nexis,
health insurance, telephone expense, client expenses, taxes, and court
costs.



 The evidence presented by both sides shows that IRI paid for the operating
expenses of Prud'homme's law offices under the terms of the agreement, just as it had before IRI
and PRMA executed the agreement. The agreement specifically provided for this arrangement to
continue, and Hale testified that he understood that IRI would continue to pay law office
expenses for Prud'homme. Therefore, assuming that Prud'homme owed a fiduciary duty to
Hale, the evidence is both legally and factually sufficient to support the district court's finding
that Prud'homme did not breach this fiduciary duty. The district court did not err by entering a
take-nothing judgment on Hale's claim for breach of fiduciary duty.


 Tortious Interference

 In his second issue, Hale argues that Prud'homme interfered with or breached the
agreement and that the district court should have awarded Hale damages. According to Hale:


 The Trial court, in its findings ruled the attempted rescission was wrong as a
matter of law. And, that the Appellee's counsel, in closing, essentially conceded it
was not proper under the language of the contract.



Because of the district court's finding, Hale argues, the court was required to award him
damages.

 Hale does not, however, cite to or quote the particular district court finding to
which he refers. A review of the court's findings, conclusions, and judgment reveals nothing
that could even arguably suggest that the district court ruled that "the attempted rescission
was wrong as a matter of law." Rather, the court found that the agreement "was not rescinded by
Gilbert Prud'homme" and entered a take-nothing judgment on each of Hale's claims. Having
entered a take-nothing judgment on Hale's claims, the district court did not err in refusing to
award damages.


 Attorneys' Fees

 In his third issue, Hale argues that he was the prevailing party and is, therefore,
entitled to recover attorneys' fees. We review a district court's refusal to grant a jury trial under
an abuse-of-discretion standard. Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666
(Tex. 1996). We examine the entire record and will find that an abuse of discretion exists if the
trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. Id.

 Hale cites Rule 131 of the rules of civil procedure for the proposition that--as the
prevailing party--he is entitled to recover attorneys' fees from Prud'homme. See Tex. R. Civ. P.
131. Even if Hale were correct in his contention that he is the prevailing party, he is not entitled
to an award of attorneys' fees. A party who prevails in a lawsuit is entitled to recover attorneys'
fees only if permitted by statute or by contract. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d
299, 310 (Tex. 2006). Hale cites to no statute or contractual provision that might entitle him
to recover attorneys' fees, and we find none. The district court acted within its discretion in
refusing to award Hale attorneys' fees.


Conclusion

 Having found sufficient evidence to support the judgment, we affirm the judgment
of the district court.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 11, 2009
1. Independent review organizations are certified by the Texas Department of Insurance
under insurance code chapter 4202. They provide independent review of health care services that
are denied by certain entities regulated by TDI on the basis that the services are not medically
necessary or appropriate.
2. TDI rules require biographical information to be submitted and approved for all officers,
directors, and executives of an independent review organization. See 28 Tex. Admin. Code
§ 12.103(9) (2008).
3. Hale also attempts to support his position by citing to court comments and attorney
argument, but, as these comments cannot support his sufficiency challenge, we do not include
them here.