

**NUMBER 13-11-00259-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MIGUEL LUNA,** **Appellant,**

**v.**

**MARTHA GARCIA LUNA,** **Appellee.**

---

**On appeal from the County Court at Law No. 5
of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, Miguel Luna, appeals the trial court's denial of his bill of review seeking to attack a default judgment rendered in favor of appellee, Martha Garcia Luna. We affirm.

# I.    BACKGROUND

On May 12, 2009, after a hearing, the trial court signed a final divorce decree, which among other things, set out the division of the marital estate. Appellant filed a bill of review on November 9, 2010, alleging that he was "prevented by [appellee] from asserting rights to a greater share of the parties' marital estate than that awarded to Petitioner in the decree." Appellant stated, "Specifically, the Petitioner was incarcerated during the divorce proceedings and had no access to an attorney." In his bill of review, appellant argued that his separate property "was included in the divorce decree."[1] Appellant asked the trial court to "set aside and cancel the decree rendered on May 12, 2009 and order a division of the estate of the parties in a manner that the Court deems just and right."

On February 24, 2011, the trial court held a hearing on appellant's bill of review.[2] The trial court denied the bill of review stating, "The Court, after considering the evidence and argument of counsel, is of the opinion that [appellant's] Petition for Bill of Review should be DENIED." This appeal followed.

# II.    STANDARD OF REVIEW

A bill of review is an equitable proceeding brought to set aside a prior judgment where the time to file a motion for new trial or appeal has passed. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). "Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs

---

[1] We note that appellant has not specifically identified in his brief the property he claims was erroneously awarded to appellee.

[2] The reporter's record of that hearing is not included in the appellate record.

2

were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part." *Caldwell*, 154 S.W.3d at 96.

We review the denial of a bill of review under an abuse of discretion standard. *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi 2003, pet. denied). The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court does not abuse its discretion when it makes its decision on conflicting evidence and some evidence supports its judgment. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Garcia-Udall v. Udall*, 141 S.W.3d 323, 333 (Tex. App.—Dallas 2004, no pet.) (citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.)). In determining whether the trail court abused its discretion, we must examine the entire record. *Mercedes Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

### III.  DISCUSSION

The burden of providing a record showing error requiring reversal is on the appellant. *Appleton v. Appleton*, 76 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Budd v. Gay*, 846 S.W.2d 521, 523 (Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that, without a sufficient record, the reviewing court cannot determine whether the trial court committed error or whether error was properly preserved)). Here, appellant has not ensured that the appellate record contains a reporter's record of the hearing

3

conducted on his bill of review.[3]  *See Mercedes Benz Credit Corp.*, 925 S.W.2d at 666; *Appleton*, 76 S.W.3d at 87.  Without the reporter's record on appellant's bill of review hearing, we are unable to determine if appellant produced evidence showing that the property is his separate property or evidence that he was prevented from making his argument at the divorce proceeding by the fraud, accident, or wrongful act of appellee unmixed with any fault or negligence on his own part.[4]  *See Caldwell*, 154 S.W.3d at 96. Therefore, we cannot conclude that the trial court abused its discretion by denying appellant's bill of review.  *See Appleton*, 76 S.W.3d at 87; *see also Wilms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (explaining that the appellate court must presume that the evidence is sufficient to support a trial court's decision when the appellant fails to bring a reporter's record).  We overrule appellant's sole issue.

## IV.  CONCLUSION

We affirm the trial court's judgment denying appellant's petition for bill of review.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of March, 2012.

---

[3] On October 13, 2011, this Court sent a letter to appellant's attorney stating that the court reporter had notified us that appellant had not paid for the reporter's record.  We stated, "In accordance with Tex. R. App. P. 37.3(c), notice is hereby given that unless the defect is cured within ten days from the date of this letter, the Court will consider and decide those issues or points that do not require a reporter's record for a decision."  *See* TEX. R. APP. P. 37.3(c).  However, as stated above, we are unable to review appellant's issue without the reporter's record.

[4] On appeal, appellant does not argue that appellee prevented him from making his argument concerning the property at issue by fraud, accident, or wrongful act unmixed with any fault or negligence on his own part.  *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam).