**AFFIRM; and Opinion Filed August 7, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00267-CV

**PANDA SHERMAN POWER, LLC, Appellant**
**V.**
**GRAYSON CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-15-1531**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Stoddart
Opinion by Justice Brown

Panda Sherman Power, LLC appeals the trial court's judgment granting Grayson Central Appraisal District's motion for summary judgment on Panda's suit seeking a tax exemption for heat recovery steam generators it alleged were used for pollution control. Panda brings one issue on appeal contending the trial court's order denied it the opportunity to challenge through a jury trial the denial of the tax exemption. The main legal issue is whether the "negative use determination" by the executive director of the Texas Commission on Environmental Quality (the Commission) is binding on the Appraisal District. We conclude the statutes give the Commission's executive director the authority to make a positive or negative use determination and that the Appraisal District does not have authority to make that determination. We affirm the trial court's judgment.

## BACKGROUND

Panda operates a power plant in Grayson County. The plant uses heat recovery steam generators, which Panda alleged were used for the control of air, water, or land pollution. In 2014, Panda applied to the Commission's executive director for a "positive use" determination for the generators that would entitle Panda to an *ad valorem* tax exemption for the generators. *See* TEX. TAX CODE ANN. § 11.31(a), (d), (k)(8), (i) (West 2015); *see also* 30 Tex. Admin. Code § 17.2(11) ("Use determination" means "A finding, either positive or negative, by the executive director that the property is used wholly or partially for pollution control purposes and listing the percentage of the property that is determined to be used for pollution control."). The executive director notified the Appraisal District that Panda had applied for the positive use determination. *See id.* § 11.31(d). The Appraisal District conditionally granted the pollution control exemption on the generators for the 2014 tax year based on Panda's pending application for the positive use determination. In 2015, the Commission's executive director issued a "negative use" determination.[1] Panda appealed that determination to the Commission, but the Commission affirmed the executive director's determination. Panda did not seek judicial review of the Commission's ruling. The Appraisal District then revoked the tax exemption effective January 1, 2014, which took away the tax exemption for the 2014 tax year. Panda appealed the Appraisal District's determination to the Grayson County Appraisal Review Board, which also denied Panda's request for the tax exemption.

---

[1] The letter to Panda described the executive director's reason for making the negative use determination:

> The executive director has completed the review for application #17852 and the associated notice of deficiency (NOD) responses and has issued a Negative Use Determination for the property in accordance with Title 30 Texas Administrative Code (TAC) Chapter 17. Applications for property that is only partly used for pollution control are required to use the Cost Analysis Procedure (CAP), located in 30 TAC § 17.17(c)(1), to calculate the appropriate partial use determination. The Negative Use Determination is issued because the outcome of the CAP calculation was a negative number. Under 30 TAC § 17.17(d), if the CAP produces a negative number or a zero, the property is not eligible for a positive use determination.

Panda then filed a petition against the Appraisal District in district court for judicial review of the Appraisal Review Board's decision. The Appraisal District moved for summary judgment, asserting it had no authority to grant the exemption without a positive use determination from the Commission's executive director. The trial court granted the motion for summary judgment, ordered that Panda take nothing by its suit, and dismissed Panda's claims.

## STANDARD OF REVIEW

The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

## STATUTES

This suit involves the interpretation and application of statutes. As the Texas Supreme Court has repeatedly explained, in construing a statute we begin with the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). If that language is unambiguous, we interpret the statute according to its plain meaning. *Id.* We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *Id.*

Section 11.31 contains the entitlement to the tax exemption and the procedures for receiving the exemption. Paragraph (a) provides that a person is entitled to an exemption from taxation for property the person owns that is used for the control of air, water or land pollution. *See* TAX § 11.31(a). A person seeking the exemption must present an application to the Commission's executive director detailing the estimated cost of the pollution control property and the portion of the installation that is pollution control property. *Id.* § 11.31(c); *see id.* § 11.31(k)(8), (m) (for devices, facilities, and methods listed in paragraph (k), such as heat recovery steam generators, the application does not have to detail the environmental benefits of the device). After receiving the application, the executive director "shall determine if the facility, device, or method is used wholly or partly as a facility, device, or method for the control of air, water, or land pollution." *Id.* § 11.31(d). "The executive director may not make a determination that property is pollution control property unless the property meets the standards established under rules adopted under this section." *Id.* § 11.31(h). The executive director then sends a letter to the person seeking the exemption and to the chief appraiser stating the executive director's determination. *Id.* § 11.31(d). The parties have the right to appeal the executive director's determination to the Commission. *Id.* § 11.31(e). The Commission can either affirm the executive director's determination or remand the matter to the executive director for a new determination. *Id.* A party may seek judicial review of the Commission's action by filing suit in Travis County district court. TEX. WATER CODE ANN. § 5.351 (West Supp. 2017); *id.* § 5.354 (West 2008).

The person seeking the tax exemption must present the chief appraiser with the letter containing the executive director's positive use determination. *Id.* § 11.31(i). The executive director's positive use determination is binding on the chief appraiser. *Id.* If the appraisal district denies the tax exemption, the taxpayer may protest that action before the appraisal review board. TAX § 41.41 (West 2015). If the appraisal review board rules against the taxpayer on the protest,

the taxpayer may appeal the appraisal review board's determination of the protest by filing suit in district court. *Id.* §§ 42.01(a)(1)(A), 42.21(a) (West 2015). Review in district court is by trial de novo, and the parties are entitled to a jury trial. *Id.* § 42.23(a), (c) (West Supp. 2017).

## ANALYSIS

Panda contends the trial court's granting the Appraisal District's motion for summary judgment stripped Panda of its right to judicial review under chapter 42 of the Tax Code. Panda asserts the trial court incorrectly determined that the executive director's negative use determination was binding on the chief appraiser. Panda argues that under chapter 42 of the Tax Code, Panda was entitled to have a jury determine whether the generators met the requirements for a positive determination. Panda also argues that the chief appraiser erred by denying the exemption because the generators were pollution control property as a matter of law.

### Whether the Chief Appraiser Could Determine the Property was Used for Pollution Control

Under Tax Code section 11.31(a), "A person is entitled to an exemption from taxation of all real and personal property that the person owns and that is used wholly or partly as a facility, device, or method for the control of air, water, or land pollution." TAX § 1.31(a). Paragraph (i) is the key provision in determining whether Panda is entitled to the pollution control exemption:

> [1] A person seeking an exemption under this section shall provide to the chief appraiser a copy of the letter issued by the executive director of the Texas Commission on Environmental Quality under Subsection (d) determining that the facility, device, or method is used wholly or partly as pollution control property.

> [2] The chief appraiser shall accept a final determination by the executive director as conclusive evidence that the facility, device, or method is used wholly or partly as pollution control property.

*Id.* § 11.31(i).

Looking to the second sentence of this provision, Panda observes that the executive director's determination is binding on the chief appraiser when there is a positive use determination, but the provision does not expressly make a negative use determination binding on

the chief appraiser.  Panda argues that the statute's silence on the binding effect of a negative use determination means the chief appraiser has the authority to determine whether the property meets the statutory requirement for the exemption.  Panda argues that reading the sentence as making a negative use determination binding on the chief appraiser constitutes the logical fallacy of "denying the antecedent" or the "fallacy of the inverse."  Panda argues this fallacy exists in the following reasoning:

- If P, then Q.

- Therefore, if not P then not Q.

*See Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 561 (Tex. 2012) ("By expressly providing for the admission of sworn reports, the rule does not imply that unsworn reports are inadmissible.  The inverse of a statement is not always true.").  Panda also argues that reading the statute as providing that a negative use determination is binding on the Appraisal District violates the canon of statutory construction that "words excluded from a statute were excluded for a purpose."  *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 472 (Tex. 2011) (orig. proceeding).  Panda also argues the Appraisal District's interpretation of the statute imposes extra-statutory requirements under the guise of interpreting it.  *See Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 637 (Tex. 2013).  Thus, Panda argues, a negative use determination by the executive director should not be binding on the Appraisal District, and the Appraisal District should be able to make an independent determination of whether the property meets the requirements for a positive use determination and thereby qualifies for the tax exemption.  Panda also argues that if the Appraisal District makes a negative use determination, then it should be able to have another use determination in the district court with a jury by bringing an appeal by trial de novo under chapter 42 of the Tax Code.  *See* TAX § 42.01(a)(1).

We disagree with Panda's interpretation of section 11.31(i). The first sentence of paragraph (i) is directed to the taxpayer, and the second sentence is directed to the chief appraiser. Under the first sentence, the taxpayer seeking the exemption "shall provide" the Appraisal District with a letter containing the executive director's positive use determination. The second sentence imposes a requirement on the chief appraiser by stating the chief appraiser "shall accept" the letter of positive use determination as conclusive evidence that the taxpayer is entitled to the exemption. However, if the taxpayer does not provide the chief appraiser with the letter containing a positive use determination, then the taxpayer has not met the requirement in the first sentence of paragraph (i) for entitlement to the tax exemption. The binding effect of the executive director's negative use determination does not come from the second sentence of paragraph (i) and the application of the fallacy of the inverse. Nor does it revise the statute by adding extra-statutory requirements. Instead, it is the first sentence's requirement that the taxpayer obtain a positive use determination from the executive director that makes a negative use determination binding on the chief appraiser. *See Freestone Power Generation, LLC v. Tex. Comm'n on Envtl. Quality*, No. 03-16-00692-CV, 2017 WL 3044547, at *2 (Tex. App.—Austin July 11, 2017, pet. pending) (mem. op.) ("If an applicant obtains a final positive use determination, i.e., a determination that the property is wholly or partly pollution control property, the applicant can then apply for the exemption with the local appraisal district where the property is located."). If the use determination is negative, then the determination is binding because the taxpayer cannot meet the requirement in the first sentence of paragraph (i).

Moreover, the statute clearly places the sole power to make the positive or negative use determination on the executive director. Section 11.31 states repeatedly that the executive director makes the determination whether property is used for pollution control. *See* TAX § 11.31(c), (d), (e), (e-1), (h), (i), & (m). Even the Commission when reviewing the executive director's decision

–7–

does not have authority to change the use determination from negative to positive. Instead, the Commission, if it disagrees with the executive director's use determination, can only "remand the matter to the executive director for a new determination." *Id.* § 11.31(e). Thus, the statutes indicate that only the executive director can make the use determination.

## Denial of Judicial Review and a Jury Trial

Panda argues it was denied its right to judicial review. Panda is incorrect. The trial court considered de novo whether Panda met the requirements for the exemption. Because Panda did not meet the requirement in section 11.31(i) of providing the chief appraiser with a letter containing the executive director's positive use determination, the trial court granted the motion for summary judgment. The record shows Panda received de novo judicial review.

Panda also argues it was denied its right to a jury trial. To be entitled to a jury trial, the case must be one where there is a right to a jury trial, and the party must timely demand a jury trial and pay the fee. *See* TEX. R. APP. P. 216; *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). If these requirements are met, the denial of a jury trial is harmful if the case contains material fact questions. *Mercedes-Benz*, 925 S.W.2d at 667. In this case, the record does not show that any party demanded a jury trial or paid the fee. Even if those requirements were met, we cannot reverse unless the error was harmful, i.e., there were material fact questions. *See id.* It was undisputed that Panda did not provide the chief appraiser with a letter containing the executive director's positive use determination. Therefore, there was no fact question concerning whether Panda was entitled to the exemption. Because there was no question of material fact, any denial of Panda's right to a jury trial was not reversible.

## Alternative Remedies

Panda also discusses the Appraisal District's argument that it was permissible for the trial court to rule against Panda because Panda could have challenged the Commission's affirmance of

the executive director's negative use determination through judicial review in district court in Travis County. *See* WATER § 5.351. Panda asserts "this argument ignores the fact that only the chief appraiser, not the [Commission] has the ultimate authority to grant or deny the exemption." The chief appraiser has the ultimate authority to grant or deny the exemption. However, before a taxpayer, such as Panda, is entitled to the exemption, it must have complied with the requirement of providing the chief appraiser with a letter containing the executive director's positive use determination, which Panda did not do.

Panda also states that pursuing judicial review of the Commission's affirmance of the executive director's negative use determination would have required Panda to bring separate lawsuits in two counties: the tax protest suit in Grayson County and the suit for judicial review of the Commission's decision in Travis County. Panda also states that even if its tax protest suit were abated until the conclusion of the litigation with the Commission concerning the use determination, "Panda still would be required to litigate against the [Commission], possibly for many years . . . , only to then be required to litigate the same issues again with [the Appraisal District]." *See Freestone*, 2017 WL 3044547, at *4–9 (taxpayers applied to executive director for use determination in 2008; court of appeals remanded for further proceedings on use determination in 2017). We decline to speculate on what alternative remedies Panda may have had. Panda did not pursue judicial review of the Commission's decision. The only question before us is whether the trial court properly granted the Appraisal District's motion for summary judgment asserting Panda was not entitled to the exemption because Panda did not provide a letter to the chief appraiser indicating the executive director made a positive use determination. The efficacy of any administrative and judicial review of the executive director's and the Commission's decisions is not before us. Moreover, Panda's concerns that even if it received a positive use determination from the executive director that it would have to relitigate the use determination in the proceedings

with the Appraisal District are unfounded because, as discussed above, the Appraisal District is bound by the executive director's positive use determination. TAX § 11.31(i).

Panda also argues, "If the Legislature had intended to carve out disputes over the pollution control exemption from the judicial review rights afforded under Chapter 42, it would have said so. The language of Section 11.31(i) cannot bear that weight." As discussed above, the legislature gave the executive director the authority to determine whether a taxpayer's property "is used wholly or partly as a facility, device, or method for the control of air, water, or land pollution." TAX § 11.31(d). The executive director's determination is subject to appeal to the Commission, whose decision is subject to judicial review. The chief appraiser determines whether the taxpayer is entitled to the exemption, but a statutory requirement for the exemption is a positive use determination from the executive director. Thus, the statutes show the legislature intended for the executive director to determine whether property was used for pollution control and for the chief appraiser to decide whether the taxpayer was entitled to the pollution control exemption using the executive director's determination in making that decision. The statutes do not show that the chief appraiser had authority to make an independent determination of whether the property was "used wholly or partly as a facility, device, or method for the control of air, water, or land pollution." *Id.*

**Whether the Generators Were Pollution Control Property as a Matter of Law**

Panda asserts the Austin Court of Appeals has determined that heat recovery steam generators are entitled to the tax exemption as a matter of law. Panda relies on *Freestone Power Generation, LLC v. Texas Commission on Environmental Quality* in support of its argument. In *Freestone*, the taxpayers were power-generator plants that installed heat recovery steam generators in their power plants. The taxpayers applied for a pollution control tax exemption. *Freestone*, 2017 WL 3044547, at *4. The executive director made negative use determinations on the applications, and the taxpayers appealed to the Commission. *Id.* at *5. The Commission affirmed

the executive director's determinations, and the taxpayers filed petitions for judicial review. *Id.* The trial court affirmed the Commission's orders. *Id.* The Austin Court of Appeals reversed, concluding that because the generators were listed in paragraph (k) of section 11.31, they were, by statutory definition, pollution control property. *Id.* at \*7; *see* TAX § 11.31(k). The court of appeals concluded that the executive director could not find that property listed in paragraph (k) had no positive use for pollution control. *Freestone*, 2017 WL 3044547, at \*7.

*Freestone* is distinguishable and is not applicable to this case. In *Freestone*, the taxpayers appealed the executive director's negative use determinations to the Commission, and they sought judicial review of the Commission's affirmance of the negative use determinations. The question before the trial court and the court of appeals was whether the Commission abused its discretion by affirming the executive director's negative use determinations, and the court of appeals concluded that the Commission had abused its discretion. *Id.* at \*9. In this case, however, the question before the trial court was whether the Appraisal Review Board erred by affirming the Appraisal District's denial of the tax exemption. The propriety of the Commission's decision to affirm the executive director's negative use finding was not before the trial court and it is not before this Court in this appeal.

Panda also requests that we remand this case in the interest of justice in light of *Freestone*. Panda asserts that remand in the interest of justice is appropriate where the applicable law has changed between the trial and the disposition of the appeal or where there was an absence of authoritative case law when the case was litigated in the trial court. However, there has been no change in the law, nor was there an absence of authority. At all times during this case, there has been the statutory requirement for a taxpayer to provide the chief appraiser with a letter containing the executive director's positive use determination. Even if *Freestone* constitutes a change in or clarification of the law for the executive director's positive or negative use determination, it does

–11–

not change the fact that Panda did not meet its requirement of providing the chief appraiser with a letter containing the executive director's positive use determination. Moreover, there is nothing the trial court could do on remand. The case before the trial court involved the propriety of the decision of the chief appraiser to deny the exemption. As discussed above, the chief appraiser could not alter the executive director's use determination, and the propriety of the executive director's negative use determination was not before the trial court. We decline Panda's request to remand the case in light of *Freestone*.

## CONCLUSION

We conclude Panda has failed to show the trial court erred by granting the Appraisal District's motion for summary judgment. We overrule Panda's issue on appeal.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

170267F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PANDA SHERMAN POWER, LLC,
Appellant

No. 05-17-00267-CV        V.

GRAYSON CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-15-1531.
Opinion delivered by Justice Brown,
Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee GRAYSON CENTRAL APPRAISAL DISTRICT recover its costs of this appeal from appellant PANDA SHERMAN POWER, LLC.

Judgment entered this 7th day of August, 2018.