**Reversed and Remanded and Memorandum Opinion filed August 5, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00990-CV

---

## EARNEST TAYLOR AND LISA TAYLOR D/B/A T&S ENTERPRISES, Appellants

### V.

## JESUS M. VELA, BLASA VELA, AND VELA RANCH, LLC, Appellees

---

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 81,897-CV**

---

### MEMORANDUM OPINION

Appellants Earnest and Lisa Taylor, d/b/a T & S Enterprises (collectively "the Taylors"), appeal from a final judgment signed after a bench trial on appellees Jesus M. Vela, Blasa Vela, and Vela Ranch, LLC's (collectively "the Velas") motion to enforce a Rule 11 settlement agreement. Concluding that the trial court abused its discretion when it denied the Taylors a jury trial, we reverse the trial

court's judgment and remand the case to the trial court for further proceedings.[1]

## BACKGROUND

The Taylors agreed to purchase a residence and a separate ranch property from the Velas. The transactions were owner financed. Disputes arose between the parties over the Taylors' alleged failure to timely make the payments on the two properties. The Velas foreclosed on the two properties and filed suit to evict the Taylors. The Taylors subsequently filed suit against the Velas alleging claims for breach of contract, wrongful foreclosure, statutory fraud, suit to quiet title, and trespass to try title. In addition, the Taylors sought a declaratory judgment. The Taylors requested a jury trial in their pleadings. They also separately filed a jury demand and paid the jury fee. The Velas eventually added a breach of contract counterclaim.

The parties eventually agreed to settle their dispute and they read their agreement into the record pursuant to the requirements of Rule 11 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). The parties agreed that the Taylors would p\ay off the amount owed on the two properties

---

[1] Appellants filed a petition for a writ of mandamus that was assigned to the First Court of Appeals and later denied. *In re Taylor*, No. 01-15-01002-CV, 2016 WL 3964798 (Tex. App.—Houston [1st Dist.] July 21, 2016, orig. proceeding). Appellants' notice of appeal did not contain a statement indicating that the original proceeding had been filed in the First Court. 1st & 14th Tex. App. (Houston) Loc. R. 1.4(a) (requiring notice of appeal to contain statement concerning related appeal or original proceeding). Had appellants complied with Local Rule 1.4(a), the trial court would have assigned this appeal to the First Court pursuant to Local Rule 1.4(b). Because the notice of appeal did not contain the required statement, transfer of this appeal is discretionary under Local Rule 1.5(a). After consultation with the First Court, we are retaining the appeal.

within sixty days of the date of the settlement agreement. They also agreed that the trial court would have to approve any extensions on the date by which the settlement agreement had to be completed. Finally, among other things, the parties agreed that all parties' claims would be dismissed upon completion of the terms of the settlement agreement and the final funding and closing of the Taylors' purchase of the two properties. As a result, the trial court supervised the parties' efforts to complete the settlement agreement.

After numerous efforts to complete the settlement agreement failed, the Velas filed a motion to enforce the Rule 11 settlement agreement. The Velas alleged that the Taylors had materially breached the Rule 11 agreement by failing to fully pay the agreed amounts for the two properties. The Taylors filed a response to the Velas' motion. Among other arguments asserted in their response, the Taylors stated that they did not "consent to trial at the hearing."

The trial court subsequently set the Velas' motion for a hearing, which occurred on August 2, 2019. At the hearing, the Taylors' attorney objected to proceeding to trial and asserted they were entitled to a jury to resolve the dispute. The trial court erroneously stated that, at the time the Velas filed their motion to enforce the settlement agreement, no one had "requested a jury trial and so with that, I don't think I have to give you one." The trial court then proceeded to hear evidence from several witnesses. At the conclusion of the evidence, the trial court informed the parties that it was taking the matter under advisement, that on August 12, 2019, it would consider additional evidence on the amount of attorney's fees, and the court would issue its ruling at that time. In other words, the trial court gave "the parties additional time to close the two (2) real estate transactions at the heart of the parties' settlement agreement." The parties did not complete the two transactions during that time and the trial court signed a final judgment in favor of

the Velas.  This appeal followed.

The Taylors raise numerous issues on appeal.  We need only reach their first issue.  In that issue the Taylors argue that the trial court abused its discretion when it overruled their objection to a bench trial and thereby denied their request for a jury trial.  We agree.

The right to trial by jury, one of our "most precious rights," occupies "a sacred place in English and American history." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997).  The United States and Texas Constitutions both guarantee the right to trial by jury in certain circumstances.  *See* U.S. Const. art. III, § 2; Tex. Const. art. I, § 15.  As a result, the right to a jury trial has been characterized as "exceptionally broad." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 57 (Tex. 1997).

A party demanding a jury trial must file a written request at least thirty days before trial and pay a fee.  Tex. R. Civ. P. 216(a), (b).  We review a trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).  In conducting an abuse of discretion review, we examine the entire record. *Id.*  We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*  In addition, a trial court has no discretion in determining what the law is or applying the law to the facts. *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019).  Therefore, a trial court abuses its discretion when it fails to correctly analyze or apply the law. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding) (per curiam).  Error in refusing to grant a jury trial when properly requested is harmless only if the record shows that no material issues of fact exist, and an instructed verdict would have been proper. *General Motors*

4

*Corp. v. Gayle*, 924 S.W.2d 222, 226, n.7 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding), *leave denied without prejudice*, 940 S.W.2d 598 (Tex. 1997) (per curiam).

Here, the record shows that the Taylors made a jury demand and paid the jury fee years before the bench trial. When the trial court announced that the Velas' motion to enforce the Rule 11 Agreement would be resolved through a bench trial, the Taylors preserved error by objecting at the beginning of the proceeding. *See In re K.M.H.*, 181 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("When a party has perfected its right to a jury trial in accordance with Rule 216 but the trial court proceeds to trial without a jury, the party must, to preserve error, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial."). We conclude that the trial court abused its discretion when it denied the Taylors a jury trial.[2]

We now turn to whether the trial court's refusal to grant a jury trial was harmful error. There were disputed fact issues on whether the Taylors, or the Velas, had materially breached the settlement agreement. The trial court recognized this when it scheduled an evidentiary hearing during which witnesses for both sides testified. Accordingly, we conclude that the trial court's denial of the Taylor's request for a jury trial was harmful. *See General Motors Corp.*, 924

---

[2] The Velas argue on appeal that the Taylors waived their right to a jury trial in the Rule 11 settlement agreement. Having reviewed the entire agreement, we disagree. The language at issue in the agreement provides that "if for any reason there is an extension, all parties have agreed that if an extension is necessary, it is up to the Judge of the 149th District Court to give a ruling as to the validity of any such extension of those contracts." This language is limited to the granting of extensions for performance of the agreement and does not address any subsequent trial on whether a party breached the agreement.

S.W.2d at 226, n.7.  We therefore sustain the Taylors' first issue on appeal.[3]

## CONCLUSION

Having sustained the Taylors' first issue on appeal, we reverse the trial court's judgment and remand the case to the trial court for further proceedings.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.

---

[3] Having sustained the Taylors' first issue on appeal, we need not address their remaining issues.  *See* Tex. R. App. P. 47.1.