**Opinion issued June 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00787-CV

_____

## IN THE INTEREST OF I.R.H. AND Z.T.H., CHILDREN

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2014-27741

## MEMORANDUM OPINION

We are presented with two issues in this family law case: whether the trial court abused its discretion in denying appellant's motion for continuance, and whether the trial court abused its discretion in striking appellant's request for a jury trial. We reverse the trial court's judgment and remand for a new a trial.

# BACKGROUND

On February 21, 2014, appellee M. Hajali filed a Petition to Modify Parent-Child Relationship in Bexar County. On April 10, 2014, appellant M. Yun filed a Counter-Petition to Modify Parent Child Relationship. On April 16, 2014, the Bexar County court granted Hajali's motion to transfer the case to Harris County.

On May 14, 2015, the Harris County court signed a scheduling order setting a pre-trial hearing on August 10, 2015, and a trial date of August 11, 2015.

## A. Yun's Attorney Withdraws

On June 30, 2015, Yun's attorney, T. Sharretts, filed a verified motion to withdraw as Yun's counsel. Her motion requested that she be allowed to withdraw pursuant to "Texas Rules of Professional Conduct 1.15(b)(2) through (7), and Texas Rule of Civil Procedure 10." She listed as the reasons, "among others":

- Failure of Respondent to comply with her agreement with Attorney relative to payment and reimbursement to Attorney for legal expenses for this case;

- Failure of Respondent to communicate with Attorney about the merits of her case;

- Respondent signing Attorney's name without consent to legal documents, then filing in the clerk's records, and serving opposing counsel for the subject case;

- Respondent refused to follow Attorney's advice relative to settlement instead of trial subject to the results of the psychological evaluations ordered by this court.

2

The motion stated that Sharretts had sent a copy of the motion to Yun at her last known email addresses, and through regular and certified mail to her last known addresses informing Yun of her right to object to Sharretts's withdrawal. Sharretts's motion states that Yun indicated to Sharretts that she did not object to her withdrawing as her counsel.

On July 10, 2015, the trial court signed an order finding notice had been given to Yun of any pending settings or deadlines, and that there was good cause shown supporting the motion to withdraw. Accordingly, the court granted Sharretts's motion to withdraw.

## B.    Pretrial and Trial Proceedings

On July 31, 2015, Hajali—through counsel—filed (1) an Amended Petition to Modify Parent-Child Relationship, and (2) a proposed jury charge, including proposed submission on the issues of conservatorship of the children, who should have the right to designate the primary residence of the child, and the amount of reasonable attorneys' fees for Hajali's attorney and the amicus attorney. Yun filed a "Counter-Petitioner's Response to Amended Petition to Modify Parent-Child Relationship." In that response, she asked that the standard possession order remain in place, but asked that geographical restriction be placed on Hajali's right to designate the children's place of residence because he had moved the children six times in the previous five years.

On August 10, 2015, a pretrial hearing was held, which at one point turned to Yun's request for a continuance, which the trial court denied. Then the court granted Hajali's request that Yun's jury demand be stricken for failure to comply with local rules requiring the exchange of exhibits, motions in limine, proposed parenting plan, etc.:

> COURT: What else may I assist you here this morning?
>
> [HAJALI'S COUNSEL]: Your Honor, we filed our motion in limine. She has not filed. We sent – when the attorney withdrew, we sent to both addresses that we were provided for her. We have not received any documents from her. We have our motion in limine that we have provided. I filed with the court. We have filed our proposed parenting plan. We have filed our suggested relief. We filed our proposed child support. We filed our FIS. We've previously -- I have previously exchanged dates with her former attorney, not received any exhibits. I have exhibits here, the same thing with the exception of the updated attorney's fees that were previously filed and also with the Dr. Anderson's report --
>
> . . . .
>
> THE COURT: [D]id did you have a proposed parenting plan, any motion in limine, and any proposed exhibits here this morning?
>
> MS. YUN: I do not. I'm not prepared, your Honor.
>
> [HAJALI'S COUNSEL]: Your Honor, then I would ask the Court to strike her request for a jury trial and we proceed on a bench trial.
>
> THE COURT: And that's going to be granted.
>
> MS. YUN: Your Honor, may I speak?
>
> THE COURT: Sure.
>
> MS. YUN: Okay. First of all, I know that my previous attorney had requested discovery. This is back in January of this year. And they did not provide any of those documents.
>
> [HAJALI'S COUNSEL]: Your Honor, we --

4

MS. YUN: The psychological evaluation, I need a third party to at least re-evaluate it. I have been severely prejudiced because my attorney did not provide that to me. I also have a document here that states that the psychologist did not provide that to me either. And so if we move forward, I am severely prejudiced. I do not feel that I should be – we should be moving forward due to several of those reasons. And also, I did seek attorney counsel after I found out my attorney withdrew, but the family – there was a family law conference in San Antonio where the attorneys -- majority of the attorneys were out of town. And even if they took my case, they didn't have the time to prepare so they said that in order to move forward, we need to get a continuance in order to have a fair trial. So I'm asking if we can go ahead and move forward with the jury trial, which is my right and --

THE COURT: And I have struck your request for a jury trial, ma'am, as you have -- you came in this morning not prepared. And there are local rules that are required of documentation that you're required to have for jury trials and that has not been presented to the Court, so I'm striking your request for jury trial, but will allow you to proceed on a court trial tomorrow.

A three day bench trial was held from August, 11, 2015 to August 13, 2015.

## C.     The Trial Court's Judgment

The trial court entered a judgment on August 20, 2015. That judgment stated that the Court had stricken Yun's request for a jury trial due to her "failure to comply with discovery, including her failure to comply with the local rules, and her failure to be prepared to go forward on a jury trial by filing appropriate documents at the time of the pretrial hearing. Additionally, at the time of the pretrial hearing, Respondent had failed to pay the Court ordered amicus fees. Based on the foregoing, all questions of fact and law were submitted to the Court."

5

The trial court's judgment continued the parties as joint managing conservators, with Hajali as the parent with "the exclusive right to designate the primary residence of the children without regard to geographic location," as well as numerous other exclusive rights to make decisions regarding the children. Yun was granted supervised visits with the children and ordered to pay $792.01 per month in child support. The court additionally ordered Yun to pay Hajali's attorneys fees:

> IT IS ORDERED that good cause exists to award [Hajali's attorney] judgment in the amount of Forty Thousand Five Hundred Thirty-Four Dollars and Sixty-Eight Cents ($40,534.68) for reasonable attorney's fees, expenses, and costs incurred by Mohamed Hajali, with interest at 5% percent per year compounded annually, from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against Mi Song Yun formerly known as Mi Song Hajali, Respondent and in favor of [Hajali's attorney].

> Respondent is ORDERED to pay the fees, expenses, costs, and interest to [Hajali's attorney] . . . . by cash, cashier's check, or money order on or before October 19, 2015. [Hajali's attorney] may enforce this judgment for fees, expenses, and costs in the attorney's own name by any means available for the enforcement of a judgment for debt.

The judgment orders Hajali to pay $4,093.75 and Yun to pay $ 5,593.75 in amicus attorney's fees.

## ISSUES ON APPEAL

Yun raises two issues on appeal:

(1)   Did the trial court abuse its discretion in denying appellant's motion for continuance when her lawyer had, less than 30 days before trial without notifying appellant, withdrawn from the case?

6

(2) Did the trial court err in denying appellant's timely and specific request to try the case to a jury?

**JURY DEMAND**

In her second issue, Yun argues that the trial court's striking her jury demand and requiring her to instead proceed with a bench trial was reversible error. We agree.

**A.    Applicable Law and Standard of Review**

The Texas Constitution guarantees the right to trial by jury. *See* TEX. CONST. art. I, § 15. In order to be entitled to a trial by jury, a party must file a written request for a jury trial and pay a jury fee a reasonable time before trial. TEX. CONST. art. V, § 10 (stating that "no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature"). Moreover, a party may not have a jury trial in any civil suit "unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216. A request for a jury trial made in advance of the thirty-day deadline is presumed to have been made at a reasonable time before trial. *Sims v. Fitzpatrick*, 288 S.W.3d 93, 102 (Tex. App.— Houston [1st Dist.] 2009, no pet.) (citing *Halsell v. Dehoyos*, 810 S.W.2d 371, 371

(Tex. 1991); *In re J.N.F.*, 116 S.W.3d 426, 436 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

We review a court's denial of the right to a jury trial under an abuse of discretion standard. *See Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *Sims*, 288 S.W.3d at 102. We consider the entire record and will find an abuse of discretion only when the trial court's decision was arbitrary, unreasonable, and without reference to guiding principles. *Mercedes–Benz Credit*, 925 S.W.2d at 666; *Sims*, 288 S.W.3d at 102.

"The refusal to grant a timely requested jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Sims*, 288 S.W.3d at 102; *see also Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004) ("The wrongful denial of a jury trial is harmful when the case contains a question of material fact.").

**B.    Analysis**

It is undisputed that Yun demanded a jury trial and paid the jury fee months before the trial setting, and that the parties were set on the jury docket. The trial court's stated reasons for striking Yun's jury demand were her (1) "failure to comply with discovery, including her failure to comply with the local rules," (2) her failure to be prepared to go forward on a jury trial by filing appropriate documents at the time of the pretrial hearing," and (3) failure to pay amicus fees

8

before the pre-trial hearing. Based on these articulated reasons, the court struck Yun's jury demand at Hajali's urging as a sanction, although the court did not label it as such.

Here, Hajali does not cite any authority in support of the proposition that striking a party's jury demand is an appropriate sanction for any of these infractions. Indeed, he cites no authority in support of his one-sentence argument that striking Yun's jury demand was not error.

While the imposition of sanctions is reviewed under an abuse of discretion standard, an "appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed." *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). And a sanction should be no more severe than necessary to satisfy its legitimate purpose. *Hamill v. Level*, 917 S.W.2d 15, 16 (Tex. 1996). The trial court's sanction does not fit this criteria.

Our own review of the trial court's local rules demonstrate that there are certain financial documents the parties are required to exchange ten days before trial, regardless of whether the trial is to the bench or a jury. When child support and medical support is at issue, the local rules provide additional financial disclosures. The local rules further provide that failure to comply with these obligations may be grounds for discovery sanctions under Rule 215 of the Texas Rules of Civil Procedure. Nothing in Rule 215 provides for the striking of a jury

demand as a sanction for failure to timely answer discovery. In fact, we have previously held that a jury demand survives even death-penalty sanctions for discovery abuse. *Sims*, 288 S.W.3d at 103–04 (holding that imposition of death penalty sanctions did not deprive party of right to have damages assessed by jury rather than court). Nothing indicates that Yun was provided notice and a hearing on the court's sanction, as required by Rule 215, nor does anything in the record demonstrate that the court contemplated a different or lesser sanction.

We have likewise located no authority supporting the trial court's other articulated reason for striking Yun's jury demand, i.e., the failure to pay court-ordered amicus attorney fees before the pretrial hearing. In the only case we located that addressed this issue, both the appellee and the amicus attorney argued successfully in the trial court that the appellant's jury demand should be stricken for "failure to pay court-ordered amicus attorney fees" and other conduct the appellee characterized as "frivolous," "groundless," and "harassing." *Nelson v Nelson*, No. 01-13-00816-CV, 2015 WL 1122918, at *2 (Tex. App.—Houston [1st Dist.] March 12, 2015, pet. filed) (mem. op). On appeal, however, the appellee conceded that the trial court's striking the appellant's jury demand for failure to pay amicus fees was error, and instead argued that it was harmless. *Id*. at *3.

Here, although Hajali does not concede that striking Yun's jury demand was erroneous, he nonetheless focuses his briefing on the argument that any error in

striking the jury demand was harmless. Specifically, he argues that "Texas Family Code Section 105.002(c)(2) prohibits the court from submitting to the jury questions regarding possession, access, or any right or duty other than which party should have the exclusive right to designate the primary residence of the child." From this he reasons that, because Yun was not requesting to be named the party with the exclusive right to designate the primary residence of their children, there were no issues that would be proper for a jury to resolve, rendering any error in striking the demand harmless. "Therefore," Hijali argues, Yun "fails to show that the Court abused its discretion by striking the jury and proceeding with a bench trial, because all remaining issues decided by the court could not have been decided by a jury, but would have been ruled on by the court" anyway.

Section 105.002 of the Texas Family Code provides what is appropriate for submission to the jury:

> § 105.002. Jury
>
> (a) Except as provided by Subsection (b), a party may demand a jury trial.
>
> (b) A party may not demand a jury trial in:
>
>> (1) a suit in which adoption is sought, including a trial on the issue of denial or revocation of consent to the adoption by the managing conservator; or
>>
>> (2) a suit to adjudicate parentage under Chapter 160.
>
> (c) In a jury trial:
>
>> (1) a party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues of:

11

(A) the appointment of a sole managing conservator;

(B) the appointment of joint managing conservators;

(C) the appointment of a possessory conservator;

(D) the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child;

(E) the determination of whether to impose a restriction on the geographic area in which a joint managing conservator may designate the child's primary residence; and

(F) if a restriction described by Paragraph (E) is imposed, the determination of the geographic area within which the joint managing conservator must designate the child's primary residence; and

(2) the court may not submit to the jury questions on the issues of:

(A) support under Chapter 154 or Chapter 159;

(B) a specific term or condition of possession of or access to the child; or

(C) any right or duty of a conservator, other than the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child under Subdivision (1)(D).

TEX. FAMILY CODE ANN. § 105.002 (West 2014).

Hajali's selective citation of section 105.002(c) in arguing that there were no issues to be presented to the jury because Yun *did not* seek to designate the primary residence of the children under section 105.002(c)(1)(D) ignores that Yun's pleading *did* seek to have geographical restrictions placed on the children's residence—an issue also solely within the jury's province under section 105.002(c). *See* TEX. FAM. CODE § 105.002(c)(1)(E)&(F) ("[A] party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues

12

of . . . the determination of whether to impose a restriction on the geographic area in which a joint managing conservator may designate the child's primary residence;" and "if a restriction . . . is imposed, the determination of the geographic area within which the joint managing conservator must designate the child's primary residence."). Because Yun was entitled to have the issue of any geographical restriction decided by a jury, the trial court's striking her jury demand was not harmless.[1]

We accordingly sustain Yun's second issue.

## CONCLUSION

We reverse the trial court's judgment and remand to the trial court for reinstatement on the jury docket. In light of our disposition of this issue, we need not reach the Yun's first issue contending that the trial court abused its discretion in denying her request for a continuance to secure the services of a new attorney.

---

[1]    Yun also argues that she was entitled to have the reasonableness of the attorneys' fees claimed by Hajali submitted to the jury, and we note that Hajali included such a submission in his proposed jury charge.

13

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.