**Affirmed and Opinion Filed October 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01050-CV**

**WENG ONG, Appellant**
**V.**
**LORENZO BROWN, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-00039-A**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Miskel

Weng Ong appeals a take-nothing judgment rendered against her following a bench trial. In one issue, Ong seeks reversal because she contends the court improperly denied her a jury trial. We affirm.

## I. Background

Ong owns a home in Dallas. She arranged to place a 40-foot shipping container next to her home to store her personal belongings. However, she mistakenly had the shipping container placed on an adjacent lot that she does not own. During the period at issue in this case, Trojan Gold Investments, LLC ("Trojan

1

Gold") owned the adjacent lot. Lorenzo Brown, the appellee, is one of the owners of the company. He is also a licensed Texas attorney.

Brown, on behalf of Trojan Gold, sent a letter to Ong that asked her to move the shipping container from Trojan Gold's lot. Ong contacted a third party to move the shipping container. However, it was winter, and the ground was too wet to move the container at that time. Ong told Brown that she would soon leave the country to visit her hometown, and she would have the container moved when she returned. However, upon her return, she discovered that her shipping container was gone.

During the relevant period, Ong also signed a contract to purchase the adjacent lot, but she changed her mind. Ong asked Brown to release her earnest money, but he declined to do so.

Ong sued Brown in the Justice of the Peace Court.[1] She alleged that Brown (i) unlawfully removed the shipping container filled with her household contents and (ii) refused to return her earnest money after she decided not to purchase the adjacent lot. Brown denied Ong's allegations. Ong requested and received a jury trial, and the jury found in favor of Brown.

Ong then appealed her case to the County Court at Law No. 1 of Dallas County, where her case was subject to a trial de novo. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a); TEX. R. CIV. P. 506.3. This time, Brown demanded a jury

---

[1] Ong also sued a second defendant, Foday Saidu Fofanah, but she subsequently non-suited Fofanah from her case.

trial and paid the jury fee.  The county court called the case to trial on September 12, 2022.  Both parties appeared pro se.  The county court noted that the case was set for a jury trial and asked the parties the following questions:

> [The COURT]: Do the parties wish to waive a jury to try the case before the Court?
>
> MR. BROWN: Yes.
>
> * * *
>
> THE COURT: And Ms. Ong, do you wish to try this case without a jury?
>
> MS. ONG: No.
>
> THE COURT: No? You want a jury?
>
> MS. ONG: No, without jury.  I have Jury Trial.
>
> THE COURT: Okay.  Then we will try this as a Bench Trial.
>
> And before we start your trial, I want to arrange the next case, which does want the jury, so I will get back to you in five or ten minutes.
>
> MR. BROWN: Okay.
>
> (Break taken).

Ong then proceeded to try her case before the county court without a jury.  Following the trial, the county court rendered a take-nothing judgment against her.  The judgment states that "[the] parties agreed to waive their jury request and the case proceeded to trial before the bench."  Ong then perfected this appeal.

## II. Ong Waived Her Right to a Jury Trial.

In her sole issue, Ong contends that the county court abused its discretion in depriving her of a jury trial even though, in her view, she affirmatively stated that she would not waive a jury. Based on the record before us, we conclude that the county court did not abuse its discretion in interpreting Ong's statements as a jury waiver and that Ong failed to preserve this issue for appeal by not ensuring that the court was aware of her request for a jury trial.

### A. Applicable Law

To obtain a jury trial, a party must make a written request no less than thirty days before the date set for trial and pay the jury fee. *Brockie v. Webb*, 244 S.W.3d 905, 908 (Tex. App.—Dallas 2008, pet. denied); Tex. R. Civ. P. 216. A party who perfects its right to a jury trial may still waive this right by failing to act, such as by failing to object to the trial court going forward with a bench trial or by failing to indicate in any way that the party intends to stand on its perfected right. *Breitling Oil and Gas Corp. v. Petroleum Newspapers of Alaska, LLC*, No. 05–14–00299–CV, 2015 WL 1519667, at *5 (Tex. App. Dallas—Apr. 1, 2015, pet. denied) (mem. op.). If a trial court indicates that it will proceed with a bench trial in a case where a jury demand was timely perfected, a demanding party that still wishes to have a jury trial must ensure that the court is aware of the demand. *Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022) (per curiam).

The party who requested the jury trial may not "withdraw the cause from the jury docket over the objection of the parties adversely interested." TEX. R. CIV. P. 220. However, Rule 220 "requires that some affirmative action be taken by all parties to insure themselves a jury trial. Thus, until an objection is registered to the withdrawal of a case from the jury docket, the non-demanding party has no right to have the case remain on that docket." *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 726 (Tex. 1968). Therefore, "when one party has perfected the right to a jury trial, any other party waives the benefit of the perfected right by failing to object to the case being withdrawn from the jury docket." *Sunwest Reliance Acquisitions Grp,, Inc. v. Provident Nat'l Assur. Co*., 875 S.W.2d 385, 388 (Tex. App.—Dallas 1993, no writ); *see also In re Hammond*, 155 S.W.3d 222, 227 n.2 (Tex. App.—El Paso 2004, orig. proceeding) (holding that party waived her right to jury trial under TEX. R. CIV. P. 220 by proceeding to try case with no objection to the absence of a jury); *Lambert v. Coachmen Indus. of Tex., Inc.*, 761 S.W.2d 82, 85 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("[W]aiver of a jury trial may be shown by mere acquiescence to the withdrawal of a jury request by the opposing party.").

**B.    Standard of Review**

We review a trial court's denial of a jury trial for an abuse of discretion. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *see also In re Marriage of Harrison*, 557 S.W.3d 99, 135–36 (Tex App.—Houston [14th Dist.] 2018, pet. denied) (reviewing denial of a jury under Tex. R. Civ. P. 220 for an

abuse of discretion). In conducting our review, we examine the entire record. *Mercedes–Benz*, 925 S.W.2d 664 at 666. We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*

## C. The County Court Did Not Abuse Its Discretion by Interpreting Ong's Statements as a Jury Waiver.

As discussed above, shortly before trial, the county court asked both parties if they wished to waive a jury. Although Brown, the party who had perfected a jury trial, agreed to a waiver, the county court could not remove the case from the jury docket if Ong objected. *See* TEX. R. CIV. P. 220. The county court asked Ong if she wished to try the case without a jury, and she answered, "No." The county court again asked, "No? You want a jury?" to which Ong responded, "No, without jury. I have Jury Trial." The county court then remarked, "Okay. Then we will try this as a Bench Trial." Before opening statements, the county court also remarked, "[t]his case was set for a Jury Trial. *Both* parties have waived that jury on the record and so we will -- will proceed with a Trial Before the Court." (emphasis added). Ong did not disagree with the court's remarks or otherwise object to the withdrawal of the cause from the jury docket.

In her response to the county court's questions, Ong's statement was ambiguous as to whether she intended to waive a jury trial. Based on the record before us, we cannot say that the county court acted arbitrarily, unreasonably, or without reference to guiding principles when it interpreted Ong's statement as

waiving a jury trial. Accordingly, the county court did not abuse is discretion by proceeding with a bench trial. *See Mercedes–Benz*, 925 S.W.2d at 666; *In re Harrison*, 557 S.W.3d at 135.

Ong also contends that the county court "took advantage of her poor English skills and the fact that she was pro se as a way to unilaterally change the case from a Jury Trial to Bench Trial." The record contains no evidence that the county court was aware that Ong did not wish to waive a jury.[2] Ong had previously participated in a jury trial in the justice court, so she knew that jurors are present during a jury trial, yet Ong did not say anything to correct the court's misunderstanding when she observed that no jurors were seated in the county court. Although Ong appeared pro se at trial, she is bound by the same procedural standards as parties represented by attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

### D. Ong Failed to Preserve this Issue by Failing to Ensure the Court was Aware of Her Demand.

Although Ong alleges she did not intend to waive a jury trial, the county court's remarks on the record reflect that it misunderstood Ong's statements as agreeing to such a waiver. Ong made no attempt to clear up the county court's misunderstanding. Instead, she proceeded to try her case before the county court

---

[2] Ong additionally asks us to take judicial notice of a "current other case pending on appeal" in which a different county court at law judge allegedly proceeded to a bench trial without giving her proper notice. However, Ong has not supplied the necessary information for this Court to take judicial notice of such other case, *see* TEX. R. EVID. 201, nor does she explain how the county court's actions in the other case demonstrate that the county court in this case was aware that Ong did not wish to waive a jury. Accordingly, we decline to take judicial notice of the "other case."

without raising this issue again. As a prerequisite to presenting a complaint for review on appeal, the record must demonstrate that the complaint was made to the trial court by a timely request, objection, or motion. Tᴇx. R. Aᴘᴘ. P. 33.1(a); *Breitling Oil*, 2015 WL 1519667, at *5. The right to a jury trial may be waived by a party's failure to act, such as a failure to object to the trial court going forward with a bench trial or a failure to indicate in any way that the party intends to stand on its perfected right to a jury trial. *Id.*

Based on the record, we conclude that Ong waived her right to a jury trial. *In re Hammond*, 155 S.W.3d at 227 n.2; *Lambert*, 761 S.W.2d at 85. She also waived her right to complain about it on appeal. *See Sunwest Reliance Acquisitions Grp.*, 875 S.W.2d at 388 ("[A] party may also waive by inaction the right to complain on appeal that the trial court deprived it of its perfected right [to a jury trial].").

We overrule Ong's sole issue.

## III. Conclusion

The county court did not err by denying Ong a jury trial.

We affirm the county court's judgment.


/Emily Miskel/

221050f.p05                    EMILY A. MISKEL
                               JUSTICE

–8–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WENG ONG, Appellant

No. 05-22-01050-CV    V.

LORENZO BROWN, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-00039-A.
Opinion delivered by Justice Miskel. Justices Nowell and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of October, 2024.